THERESA M. TRABER (SBN 116305)
LAUREN TEUKOLSKY (SBN 211381)
REBECCA PETERSON-FISHER (SBN 255359)
Traber & Voorhees
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9611
Facsimile: (626) 585-1400
tmt@tvlegal.com
lt@tvlegal.com
rpf@tvlegal.com

Attorneys for Plaintiffs Franklin Quezada, *et al.*

FILED

2012 MAR 15  AM 10: 52

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| FRANKLIN QUEZADA, ELIZABETH GUTIERREZ, and VICTOR RAMIREZ, for themselves and all others similarly situated and the general public, <br><br> Plaintiffs, <br><br> v. <br><br> SCHNEIDER LOGISTICS TRANSLOADING & DISTRIBUTION, INC.; and DOES 1-5, <br><br> Defendants. | Case No. **CV 12 - 2188** — JFW (DTx) <br><br> CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, DAMAGES, RESTITUTION, AND CIVIL PENALTIES <br><br> (1) CALIFORNIA LABOR CODE, CALIFORNIA WAGE ORDERS; <br><br> (2) CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT; <br><br> (3) CALIFORNIA UNFAIR COMPETITION LAW; <br><br> (4) CALIFORNIA COMMON LAW. <br><br> <u>DEMAND FOR JURY TRIAL</u> |

Plaintiffs Franklin Quezada, Elizabeth Gutierrez, and Victor Ramirez, on their own behalf, on behalf of the general public, and on behalf of all similarly situated warehouse workers employed in Riverside County, California, by defendants

Schneider Logistics Transloading & Distribution, Inc. ("Schneider") and Does 1-5, allege as follows:

## INTRODUCTION

1. This class action lawsuit seeks to recover the stolen wages of employees who work in three Inland Empire warehouses operated by defendant Schneider in Mira Loma, California ("the Mira Loma warehouses"). Schneider operates the warehouses on behalf of Wal-Mart. Like hundreds of other similarly situated warehouse workers whom Schneider employed during the applicable limitations period, plaintiffs spend their workdays filling orders and moving boxes of goods destined for Wal-Mart distribution centers and stores throughout the United States.

2. Schneider became the operator of the Mira Loma warehouses in 2006. In 2008, Schneider devised an unlawful scheme to require its employees to work overtime without paying them the premium to which they are entitled under the law. Schneider purported to hold an "election" in the workplace and asked its employees to adopt an alternative workweek schedule under which employees would work four 10-hour work days each week. Under the alternative workweek rules, an employer is not required to pay overtime premiums for all time worked over 8 hours up through the tenth hour in a day. In exchange, the employees are supposed to receive a regular and predictable schedule of four 10-hour days. Even though more than 5% of the employees in warehouse operations are primarily Spanish-speaking with limited or no ability to speak or read English, Schneider provided its employees with notice of the election only in English. Many employees, including Plaintiff Ramirez, had no idea that they were waiving their right to receive overtime premiums in the election.

3. California law requires employers who use an alternative workweek to guarantee their employees the regular schedule promised to them before the election or risk losing the alternative workweek protections. After Schneider unlawfully imposed the alternative workweek schedule on plaintiffs and their co-workers, it

1  routinely failed to provide them with ten hours of work on their four scheduled
2  workdays, and failed to provide them with any sort of regular schedule consistent
3  with the alternative workweek promised.  Instead, Schneider substantially reduced
4  employees' work hours through various means, including by forcing employees to
5  take "voluntary" time off.

6      4. In an attempt to protect itself from legal liability for overtime, Schneider
7  regularly required its employees to sign "waiver" forms on days they worked more
8  than eight hours, but less than the ten hours they were promised under the alternative
9  workweek schedule.  Using these "waivers" as cover, Schneider failed to pay its
10  employees overtime premiums for time  worked in excess of eight but less than ten
11  hours.  Such purported waivers are not valid under California law, and deter
12  employees from enforcing their rights by falsely creating the impression that the
13  workers are not entitled to overtime pay.  Moreover, Schneider's failure to pay
14  overtime under these circumstances violated Schneider's own written promises in its
15  alternative workweek proposal that it would pay overtime premiums for "[a]ll work
16  performed in excess of 8 hours if required to work fewer hours than scheduled on
17  that day."

18      5. Through these employment practices, Schneider has stolen, and continues
19  to steal, thousands of dollars in wages, including overtime premiums, from its
20  employees, in violation of the overtime protections and related provisions of the
21  California Labor Code and IWC Wage Order 9-2001, has engaged in a deceptive
22  scheme to pay plaintiffs a lower wage than that designated under the alternative
23  workweek agreement in violation of California Labor Code Section 223, and has
24  perpetrated an unlawful, fraudulent and unfair business practice in contravention of
25  California Business and Professions Code Section 17200, *et seq.*

26      6. Defendants also have failed to provide plaintiffs and plaintiff class
27  members with proper rest breaks, fully compliant wage statements, and the full and
28  timely payment of all wages due, all of which constitute ongoing violations of the

1   which constitute violations of the California Labor Code and IWC Wage Order 9-

2   2001 and unlawful and unfair business practices under California Business and

3   Professions Code Section 17200, *et seq.*

4   **PARTIES**

5   7.  Plaintiff Franklin Quezada has been working in the Mira Loma warehouses

6   since approximately 2004.  Plaintiff Quezada is a current employee of Schneider and

7   has been employed by Schneider since 2006, when Schneider took over the

8   operations of those warehouses.

9   8.  Plaintiff Victor Ramirez has been working in the Mira Loma warehouses

10  since approximately 2003.  Plaintiff Ramirez is a current employee of Schneider and

11  has been employed by Schneider since 2006, when Schneider took over the

12  operations of those warehouses.

13  9.   Plaintiff Elizabeth Gutierrez is a current employee of Schneider and has

14  been working in the Mira Loma warehouses since approximately 2007, and has been

15  employed by Schneider for the duration of her employment.

16  10.  Each of the plaintiffs brings this lawsuit on his or her own behalf, on

17  behalf of all similarly situated warehouse workers directly employed by Schneider,

18  and on behalf of all aggrieved employees and the general public pursuant to

19  California Labor Code §2698 *et seq.* and California Business & Professions Code

20  §17200 *et seq.*  The proposed class that plaintiffs seek to represent includes all

21  Schneider employees who have worked during the applicable limitations periods at

22  one or more of Defendant Schneider's warehouses in Mira Loma, California, and

23  who are subject to the alternative workweek schedule described in this complaint.

24  11.  Schneider Logistics Transloading & Distribution, Inc. is a Wisconsin

25  corporation with its principal place of business in Savannah, Georgia.  Schneider

26  operates warehouses and provides warehouse and trucking related services on behalf

27  of Wal-Mart and other customers.  At all relevant times, defendant Schneider did and

28

continues to do business in California and committed the unlawful acts alleged in this Complaint in the Eastern Division of the Central District of California.

12.  The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 5, inclusive, are currently unknown to plaintiffs, who therefore sue such defendants by such fictitious names. Plaintiffs are informed and believe, and on that basis allege, that each of the defendants designated herein as a Doe defendant is legally responsible in some manner for the unlawful acts and omissions alleged herein.  Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as Doe defendants when such defendants' identities become known.

13.  Defendants Schneider and Does 1-5 are, and at all relevant times have been, employers covered by the California Labor Code and California Industrial Welfare Commission ("IWC") Wage Order No. 9-2001.  Defendant Schneider, together with its co-conspirators, Does 1-5, are jointly and severally responsible for all violations alleged herein.  Together, Schneider and Does 1-5 jointly employ, and have employed throughout the limitations period, plaintiffs and hundreds of other similarly situated warehouse workers, jointly dictating material terms and conditions of those workers' employment and jointly controlling material aspects of the employment relationship.

## JURISDICTION AND VENUE

14.  This action arises under several California statutes and other provisions of law.  Federal jurisdiction is invoked based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  Plaintiffs Franklin Quezada, Victor Ramirez and Elizabeth Gutierrez are citizens of California.  Defendant Schneider is incorporated in Wisconsin and has its principal place of business in Savannah, Georgia.  The amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

1    15.  Venue is proper in this judicial district pursuant to 29 U.S.C. §1391(a)

2  and (c).  Venue is proper in this division because: the Court has personal jurisdiction

3  over the parties; one or more defendants may be found within this district and

4  division; one or more defendants resides within this district and division and all

5  defendants reside within this State; and a substantial part of the events or omissions

6  giving rise to plaintiffs' claims occurred within this district and division.

7                     **GENERAL FACTUAL ALLEGATIONS**

8    16.  Schneider operates three warehouses in Mira Loma, California.  Wal-

9  Mart is Schneider's sole customer in the Mira Loma warehouses, and all of the goods

10  that move through the warehouses are destined for Wal-Mart's stores and

11  distribution centers.

12    17.  Approximately 120-150 Schneider employees perform duties related to

13  the operations of the Mira Loma warehouses, such as filling orders and moving

14  inventory throughout the warehouses.

15    18.  Schneider took over operations of the warehouses in 2006.  In mid-2008,

16  Schneider held two meetings with its warehouse employees in which it informed

17  them that they would have the opportunity to vote on whether they wanted to switch

18  from working five 8-hour days a week to the alternative workweek, four 10-hour

19  days per week.  Both meetings were held in English and no translation was provided.

20  Schneider also distributed a written "alternative workweek schedule proposal,"

21  written in English only, to some of its warehouse employees.

22    19.  Under California law, employers are permitted to impose an alternative

23  workweek schedule on their employees so long as they strictly follow the procedures

24  set forth in Cal. Labor Code § 511 and  IWC Wage Order 9-2001 § 3(C).  Under

25  these procedures, more than 2/3 of the workforce must vote to adopt the alternative

26  workweek, and the employer must then strictly follow the alternative workweek

27  schedule that it proposed.  The employer's failure to provide employees with a

28  regular schedule – for example, by failing to provide employees with the promised

1  number of work hours in a day – will cause the employer to lose the protection of the

2  alternative workweek (that is, employers will then have to pay their employees

3  overtime premiums under the normal rules that apply to employees in California).

4      20.  Schneider's written alternative workweek proposal reflected these strict

5  requirements.  Schneider promised its employees in writing that, in exchange for

6  giving up their right to receive overtime pay after eight hours, employees would

7  work four 10-hour days per week and get three days off.  Schneider also promised in

8  writing that employees would be paid overtime for work in excess of ten hours per

9  day as well as for "work performed in excess of 8 hours if required to work fewer

10  hours than scheduled on that day."  Finally, Schneider represented that employees'

11  compensation would not be affected by the change.

12      21.  Under the election procedures that govern alternative workweeks,  an

13  employer must provide written notice to its employees setting forth the details of the

14  alternative workweek proposal.  If "at least five (5) percent of the affected employees

15  primarily speak" a non-English language, the employer must provide the notice in

16  that language.  IWC Wage Order 9-2001 § 3(C)(3).

17      22.  More than 5% of Schneider's warehouse employees primarily speak

18  Spanish, and are not fluent in English.  Nonetheless, Schneider provided its

19  "alternative workweek schedule proposal" only in English, and not in Spanish.

20  Many employees never received notice of the proposal in any language before the

21  election.

22      23.  Schneider purported to hold an election on the alternative workweek

23  schedule proposal in late June 2008.  According to documents that Schneider filed

24  with California's Department of Industrial Relations, more than 2/3 of its employees

25  voted in favor of the alternative workweek schedule.

26      24.  After the election, even though its written alternative workweek schedule

27  proposal promised that employees would be regularly scheduled to work four 10-

28  hour days per week, Schneider routinely failed to provide its employees with this

Complaint                                    -6-

schedule.  Instead, employees were given irregular schedules, and were often given less than ten hours of work per day.  The written alternative workweek schedule proposal promised that when there was not enough work, volunteers would be solicited to take "voluntary time off" ("VTO").  In fact, Schneider supervisors did not solicit volunteers to take time off, but simply informed employees who had not volunteered that they were required, for example, to work a six-hour shift, or to stay home from  work the following day.  At times, employees worked as little as 24 hours per week and earned substantially less than they had before the election.

25.   On days when employees were given between eight and ten hours of work per day, instead of paying employees overtime for any time worked in excess of eight hours, as promised in Schneider's alternative workweek proposal, Schneider required employees to sign waiver forms giving up their right to overtime premiums.  These so-called "short shift waiver forms" have been and continue to be coercive and unlawful, and deprive employees of employment rights that are considered unwaivable under California law.

26.  This conduct not only violated Schneider's own written promises to its employees to pay overtime on days that employees worked fewer than ten hours, but also IWC Wage Order 9-2001 § 3(b)(2), which provides:  "If an employer whose employees have adopted an alternative workweek agreement permitted by this order requires an employee to work fewer hours than those that are regularly scheduled by the agreement, *the employer shall pay the employee overtime compensation at a rate of one and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours*, and double the employee's regular rate of pay for all hours worked in excess of 12 hours for the day the employee is required to work the reduced hours."  (Emphasis added.)

26.    In addition to depriving its employees of overtime premiums, Schneider has also failed to provide rest breaks in accordance with the law and its own written agreement.  Schneider's alternative workweek proposal promised that employees

1  would be provided with paid rest breaks for each four hours worked "occurring as

2  near as possible to the middle of each 4-hour work period." This proposal reflects

3  the requirements of California law. However, on days when Schneider has

4  scheduled its employees for eight-hour shifts, it requires them to take their second

5  rest break at the *end* of the shift, not in the middle. On such days, plaintiffs and

6  other warehouse workers either wait for fifteen minutes in the breakroom and then

7  clock out, or Schneider supervisors tell them that the supervisors will clock them out

8  fifteen minutes after they leave.

9      27.    Defendants do not pay, and have not paid, plaintiffs and other members

10  of the class the additional hour of pay required by California Labor Code §226.7 for

11  any rest break that defendants failed to provide in accordance with California law.

**CONSPIRACY AND TOLLING ALLEGATIONS**

13      28.    Plaintiffs are informed and believe, and on that basis allege, that at all

14  material times, each defendant has acted and is continuing to act as an agent and/or

15  co-conspirator of each other defendant and of certain unnamed and as-yet unknown

16  co-conspirators. Plaintiffs are informed and believe, and on that basis allege, that

17  prior to the start of the applicable limitations periods, each defendant entered into a

18  conspiracy and agreement with the other defendants and with unnamed and unknown

19  co-conspirators and/or subsequently joined said conspiracy and ratified the prior acts

20  and conduct of the other defendants and/or co-conspirators who had previously

21  entered into said conspiracy. The purpose of said ongoing conspiracy includes

22  unlawfully evading compliance with California labor laws in an effort to artificially

23  reduce defendants' labor costs and unlawfully maximize their profits by failing to pay

24  plaintiffs and similarly situated warehouse workers the wages and benefits required

25  by law and by denying plaintiffs their second rest break in a timely manner. Plaintiffs

26  are currently unaware of when each defendant or other co-conspirator joined said

27  conspiracy but, on information and belief, allege that all defendants and their co-

28  conspirators knowingly, maliciously and wilfully entered into said conspiracy which

1   continues to this day.  By engaging in the conduct and omissions alleged in this

2   Complaint, each defendant was acting within the course and scope of its agency, with

3   the authorization of the other defendants, and in furtherance of the ongoing

4   conspiracy.

5        27.  Plaintiffs are further informed and believe, and based on such information

6   and belief allege, that defendants, and each of them, and those who acted as

7   defendants' co-conspirators and/or who acted in concert with defendants, have

8   engaged and are continuing to engage in the unlawful practices alleged in this

9   Complaint, and will continue to do so unless restrained and enjoined by this Court.

10       28.  Defendants, including Does 1-5 who did not actually employ plaintiffs,

11   had, and continue to have, the means of obtaining and actual possession of superior

12   knowledge and special information relating to the nature and scope of the practices

13   alleged herein and whether those practices are unlawful under state law.  Plaintiffs

14   and similarly situated warehouse workers do not have, or have access to, this same

15   information, which defendants have deliberately withheld from them.  As a result of

16   defendants' scheme to ensure that they have superior knowledge, coupled with

17   defendants' actual possession of such superior knowledge, each defendant has gained

18   an unconscionable advantage over their workers, who have been and continue to be

19   kept unaware of material facts relevant to their wage and other claims and who have

20   not been and are not in a position to become informed about such facts.

21       29.  Despite defendants' superior knowledge and special information,

22   defendants have failed to provide plaintiffs and similarly situated workers with

23   material information pertaining to the claims alleged in this lawsuit.  Defendants are

24   under a statutory obligation to provide much of this information to plaintiffs and

25   similarly situated workers at the time of every wage payment yet defendants have not

26   complied with this statutory requirement, thereby breaching a statutory duty and

27   concealing and affirmatively misrepresenting material information that would reveal

28   defendants' unlawful practices.

1    30.  Because of defendants' ongoing conspiracy to violate their warehouse

2  workers' rights and to conceal defendants' unlawful practices as alleged herein, the

3  applicable statute of limitations on the claims of plaintiffs and other workers has been

4  and should continue to be tolled through the date on when each worker learned or

5  learns of defendants' illegal practices and policies.

6                              **CLASS ALLEGATIONS**

7    31.  <u>Proposed Class.</u>  The individual plaintiffs, as class representatives,

8  bring all claims on behalf of a class of all similarly situated individuals, pursuant to

9  Rule 23 of the Federal Rules of Civil Procedure.  The proposed class comprises all

10  individuals directly employed by Schneider who worked during the applicable

11  limitations periods at one or more of defendant Schneider's Inland Empire

12  warehouses in Mira Loma, California under the alternative workweek schedule

13  described herein.

14    32.  <u>Ascertainability.</u>  The identity of all class members is readily ascertainable

15  from defendants' records, and class notice can be provided to all class members by

16  means permitted by Rule 23 of the Federal Rules of Civil Procedure.

17    33.  <u>Numerosity.</u>  The size of the class makes a class action both necessary

18  and efficient.  The class consists of several hundred warehouse workers currently or

19  formerly working at the Mira Loma warehouses during the applicable limitations

20  period.  Members of the class are ascertainable but so numerous that joinder is

21  impracticable.  The class includes future class members who will benefit from the

22  injunctive relief sought herein and whose joinder is inherently impossible.

23    34.  <u>Common Questions Of Law And Fact.</u>  This case poses common

24  questions of law and fact affecting the rights of all class members, including:

25    (a)    The legality of the alternative workweek election;

26    (b)    Whether Schneider waived the protections of the alternative workweek

27           by failing to provide its employees with regular schedules;

28

(c)    Whether Schneider waived the protections of the alternative workweek by routinely failing to provide its employees with ten hours of work in each workday;

(d)    Whether the "short shift waiver" forms are valid, or whether they constitute an unlawful and coercive means of requiring employees to give up their right to overtime premiums;

(e)    Whether Schneider required, suffered, or permitted plaintiffs and similarly situated warehouse workers to work in excess of eight hours per day without paying the applicable overtime premium;

(f)    Whether Schneider made fraudulent representations in its written alternative workweek schedule proposal and/or orally at meetings held with employees when it promised to regularly schedule employees for four 10-hour days of work per week, and represented that the employees' compensation would be unaffected after the election;

(g)    Whether Schneider made fraudulent representations in its written alternative workweek proposal and/or orally at meetings held with employees when it promised to pay employees overtime premiums for "work performed in excess of 8 hours if required to work fewer hours than scheduled" on a given day;

(h)    Whether Schneider's fraudulent representations regarding the alternative workweek schedule and overtime premiums induced plaintiffs and other similarly situated warehouse workers to agree to the alternative workweek proposal;

(i)    Whether Schneider formed a contract with plaintiffs and other similarly situated warehouse workers on the terms stated in its written alternative workweek proposal and/or orally in meetings with employees;

(j)    Whether Schneider breached said contract by failing to regularly schedule plaintiffs and other similarly situated warehouse employees for

four 10-hour days per week and failing to pay required overtime premiums;

(k) Whether Schneider's practice of requiring its employees to take their second break at the end of shifts lasting eight hours violates California law;

(l) Whether defendants provided plaintiffs and similarly situated warehouse workers with accurate itemized wage statements as required by California Labor Code §226;

(m) Whether defendants paid plaintiffs and similarly situated warehouse workers their full wages when due and whether defendants willfully failed to make timely payment of the full wages due to workers who quit or have been discharged as required by California Labor Code §§201-04;

(n) Whether defendants engaged in unfair and unlawful business practices in violation of Business & Professions Code §17200, *et seq.*;

(o) Whether defendants are subject to civil penalties under the California Labor Code Private Attorneys General Act, California Labor Code §2698, *et seq.*; and

(p) What relief is necessary to remedy defendants' unfair and unlawful conduct as herein alleged.

35. Typicality. The claims of the individual plaintiffs are typical of the claims of the class as a whole. Defendant Schneider's unlawful wage policies and practices, which have operated to deny plaintiffs the overtime premiums, other unpaid wages, rest breaks, and other compensation, benefits, penalties, and protections required by law, are typical of the unlawful wage policies and practices that have and will continue to operate to deny other class members lawful compensation.

36. Adequacy Of Class Representation. The individual plaintiffs can

1  adequately and fairly represent the interests of the class as defined above, because
2  their individual interests are consistent with, not antagonistic to, the interests of the
3  class.

4      37. <u>Adequacy Of Counsel For The Class.</u>  Counsel for plaintiffs have the
5  requisite resources and ability to prosecute this case as a class action and are
6  experienced labor and employment attorneys who have successfully litigated other
7  cases involving similar issues, including in class actions.

8      38. <u>Propriety of Class Action Mechanism.</u>  Defendants have implemented an
9  unlawful scheme that is generally applicable to the class, making it appropriate to
10  issue final injunctive relief and corresponding declaratory relief with respect to the
11  class as a whole.  Class certification is also appropriate because the common
12  questions of law and fact predominate over any questions affecting only individual
13  members of the class.  The prosecution of separate actions against defendants by
14  individual class members would create a risk of inconsistent or varying adjudications
15  which would establish incompatible standards of conduct for defendants.  For all
16  these and other reasons, a class action is superior to other available methods for the
17  fair and efficient adjudication of the controversy set forth in this Complaint.

18
19
20
21

**FIRST CLAIM FOR RELIEF**
**(California Overtime Provisions,**
**Cal. Labor Code §§510, 1194(a), 1198**
**and IWC Wage Order No. 9-2001 §§3, 4(C);**
**Brought by Plaintiffs on behalf of**
**Themselves and the Class)**

22
23  39. Plaintiffs, on behalf of themselves and the class, reallege and incorporate
by reference all previous paragraphs.

24
25  40. Schneider should not be afforded the protections of the alternative
workweek schedule because its election was invalid.  Schneider failed to provide
26  notice of the election in Spanish even though more than 5% of its workforce speaks
27  Spanish, in violation of IWC Wage Order 9-2001 § 3(C)(3).
28

41.  Even if the election were valid, Schneider has lost the protections of the alternative workweek schedule by failing to provide its employees with a "regular schedule," as required by Cal. Labor Code § 511(a) and IWC Wage Order 9-2001 § 3(B)(1).

42.  Absent the protections of the alternative workweek schedule, it is unlawful under California law for an employer to suffer or permit an employee to work in excess of eight hours per workday without paying premium wages under California Labor Code § 510 and IWC Wage Order No. 9-2001 § 3(A).

43.  California Labor Code § 1198 makes employment of an employee for longer hours than the IWC sets or under conditions the IWC prohibits unlawful. California Labor Code §1194(a) entitles an employee to recover in a civil action the unpaid balance of all overtime compensation due but not paid.

44.  Plaintiffs and members of the class routinely worked in excess of eight hours per workday.

45.  Schneider has a policy and practice of not paying plaintiffs and members of the class properly for overtime, and have not properly compensated plaintiffs and class members for their overtime hours under California law.

46.  As a direct and proximate result of defendants' unlawful conduct as alleged herein, plaintiffs and members of the class have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief from defendants' violations of the California Labor Code and IWC Wage Order No. 9-2001.

**SECOND CLAIM FOR RELIEF**
**(Breach of Contract, California Common Law;**
**Brought by Plaintiffs on behalf of**
**Themselves and the Class)**

47.  Plaintiffs, on behalf of themselves and the class, reallege and incorporate

by reference all previous paragraphs.

48.  Defendant Schneider's written alternative workweek schedule proposal offered plaintiffs and members of the class four 10-hour days of work per week in exchange for giving up their right to receive overtime pay after eight hours. Schneider's offer was to the class as a whole and created a power of acceptance in the class as a whole.

49.  Schneider's offer specified the means by which acceptance was to be communicated, specifically, by a 2/3 vote in the alternative workweek election.  The plaintiff class effectively communicated its acceptance of Schneider's offer by voting to adopt the alternative workweek.

50.  Both sides provided consideration: In exchange for the promised schedule, members of the plaintiff class gave up their right to overtime premiums for working more than eight but less than ten hours per day.

51.  Schneider wrongfully breached its contract with plaintiffs and members of the class by failing to regularly provide them with four 10-hour days of work per week, and by requiring the plaintiff class to take what Schneider deceptively referred to as "voluntary time off" rather than soliciting actual volunteers.  Schneider's breach was unexcused and unjustified.

52.  Because Schneider failed to provide plaintiffs and members of the class with four 10-hour days of work per week, instead requiring them to take "voluntary time off," plaintiff and members of the class are excused from performing four 10-hour days of work per week pursuant to an alternative workweek schedule.

53.  As a direct and proximate result of defendants' breach of contract as alleged herein, plaintiffs and members of the class have sustained economic damages, including but not limited to loss of income and unpaid overtime wages, in an amount to be established at trial, and are entitled to recover economic damages.

**THIRD CLAIM FOR RELIEF**
**(California Rest Period Provisions,**
**Cal. Labor Code §§226.7, 1198**
**and IWC Wage Order No. 9-2001 §12;**
**Brought by Plaintiffs on behalf of**
**Themselves and the Class)**

54.    Plaintiffs, on behalf of themselves and the class, reallege and incorporate by reference all previous paragraphs.

55.    California Labor Code §226.7(a) prohibits an employer from requiring an employee to work during any rest period mandated by an applicable Industrial Wage Order.  IWC Wage Order No. 9-2001 §12(A) requires employers to authorize and permit employees to take a paid rest period of at least 10 minutes for every four hours worked or major fraction thereof, which insofar as practicable shall be in the middle of each work period.  Under both California Labor Code §226.7(b) and IWC Wage Order No. 9-2001 §12(B), if an employer fails to provide an employee a rest period as required, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday that a rest period is not provided as required.

56.    California Labor Code §1198 makes unlawful the employment of an employee under conditions the IWC prohibits.

57.    Defendants have a policy or practice of requiring plaintiffs and class members to take their second rest break at the end of an eight-hour shift, even though it is practicable for them to take the break in the middle of the work period.  This conduct constitutes a violation of California Labor Code §226.7 and IWC Wage Order No. 9-2001 §12.

58.    Defendants also have a policy or practice of failing to pay each of their employees who was not provided with a rest period as required an additional one hour of compensation at each employee's regular rate of pay.

59.    As a direct and proximate result of defendants' unlawful conduct as alleged herein, plaintiffs and members of the class have sustained economic damages,

1  including but not limited to unpaid wages and lost interest, in an amount to be

2  established at trial, and are entitled to recover economic and statutory damages and

3  penalties and other appropriate relief from defendants' violations of the California

4  Labor Code and IWC Wage Order No. 9-2001.

**FOURTH CLAIM FOR RELIEF**
**(California Itemized Wage Statement Provisions,**
**Cal. Labor Code §§226, 1198**
**and IWC Wage Order No. 9-2001 §7(B);**
**Brought by Plaintiffs on behalf of**
**Themselves and the Class)**

10      60.  Plaintiffs, on behalf of themselves and the class, reallege and

11  incorporate by reference all previous paragraphs.

12      61.  California Labor Code §226(a) requires employers semimonthly or at

13  time of paying wages to provide to their employees with an itemized wage statement

14  showing, *inter alia*, "all applicable hourly rates in effect during the pay period and the

15  corresponding number of hours worked at each hourly rate by the employee."

16      62.  These required disclosures of information are essential to enable

17  employees to determine whether they have been paid in compliance with the law.

18      63.    Pursuant to defendants' unlawful policies and practices as alleged

19  herein, defendants have knowingly and intentionally failed to provide plaintiffs and

20  other members of the class with the correct number of overtime hours worked on their

21  itemized wage statements, as required by California Labor Code §226(a).

22      64.  California Labor Code §226(e) provides that an employee who suffers

23  injury as a result of a knowing and intentional failure by an employer to comply with

24  §226(a) may recover the greater of actual damages or the civil penalties designated by

25  statute of $50 for the initial pay period in which a violation occurs and $100 per

26  employee for each violation in a subsequent pay period up to an aggregate penalty of

27  $4,000.

28      65.  California Labor Code §1198 makes employment of an employee under

---

1 | conditions the IWC prohibits unlawful.

2 |     66. Defendants have knowingly and intentionally failed to furnish plaintiffs

3 | and members of the class with the information required by California Labor Code

4 | §226(a). This failure has injured and was intended to injure plaintiffs and members

5 | of the class by, among other things, enabling defendants to avoid paying these

6 | workers all wages due without detection of wrongdoing; creating confusion among

7 | these workers over whether they had received all wages due and owing; making it

8 | difficult and expensive for these workers to reconstruct pay records; forcing these

9 | workers to make mathematical computations to analyze whether the wages paid

10 | compensated them for all hours worked; requiring these workers to retain attorneys,

11 | experts, consultants, and others to help them determine the fact, scope, and extent of

12 | defendants' wrongful conduct; and causing delay in these workers recovering their

13 | full back pay and interest.

14 |     67. As a direct and proximate result of defendants' unlawful conduct as

15 | alleged herein, plaintiffs and members of the class have sustained economic damages,

16 | including but not limited to unpaid wages and lost interest, in an amount to be

17 | established at trial, and are entitled to recover such damages and penalties, and other

18 | appropriate relief from defendants' violations of the California Labor Code and IWC

19 | Wage Order No. 9-2001.

20 |     68. California Labor Code §226.3 provides that any employer who violates

21 | §226(a) shall be subject to a civil penalty of $250 per employee per violation in an

22 | initial citation and $1,000 per employee for each violation in a subsequent citation for

23 | which the employer fails to provide the employee a wage deduction statement or fails

24 | to keep the records required in §226(a).

### FIFTH CLAIM FOR RELIEF
(California Full and Timely Wage Provisions,
Cal. Labor Code §201-04;
Brought by Plaintiffs on behalf of
Themselves and the Class)

69.  Plaintiffs, on behalf of themselves and the class, reallege and incorporate by reference all previous paragraphs.

70.  California Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon the employee's discharge from employment.  California Labor Code § 202 requires an employer promptly to pay all compensation due and owing to an employee within 72 hours after that employee's employment terminates, including by resignation. California Labor Code § 204 requires an employer to pay all wages due to its employees when those wages are due.  California Labor Code § 203 provides that if an employer willfully fails to pay all compensation due promptly upon discharge or resignation, as required by §§ 201 and 202, the employer shall be liable for waiting time penalties in the form of continued compensation for up to 30 work days.

71.  By failing to compensate plaintiffs and members of the class as required by California law, as set forth above, defendants have violated and continue to violate California Labor Code § 204, which requires employers, including defendants, to pay their employees their full wages when due.

72.  By failing to compensate plaintiffs and members of the class as required by California law, as set forth above, defendants have willfully failed to make timely payment of the full wages due to its employees who quit or have been discharged, thereby violating California Labor Code §§ 201-02.

73.  As a direct and proximate result of defendants' unlawful conduct as alleged herein, plaintiffs and members of the class have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial.

74.  By failing to make timely payment of the full wages due to plaintiffs and

1    members of the class who quit or have been discharged, defendants are also liable for

2    a penalty to each such employee of up to 30 days' of that employee's wages under

3    California Labor Code §203.

4

5                            **SIXTH CLAIM FOR RELIEF**
                     **(California Prohibition Against Secret Wages,**
6                              **Cal. Labor Code § 223;**
                           **Brought by Plaintiffs on behalf of**
7                            **Themselves and the Class)**

8          75.  Plaintiffs, on behalf of themselves and the class, reallege and incorporate

9    by reference all previous paragraphs.

10         76.  Pursuant to California Labor Code § 223, where a contract requires an

11   employer to maintain a designated wage scale, it is unlawful for the employer secretly

12   to pay a lower wage while purporting to pay the wage designated by the contract.

13         77.  For the purposes of California Labor Code § 223, plaintiffs and other

14   members of the class entered into a written agreement with Schneider in June 2008

15   that Schneider would provide employees with an alternative workweek schedule of

16   four 10-hour work days and three days off each work week.  Under the written

17   agreement, filed with the California Department of Industrial Relations, Schneider

18   agreed to pay overtime premiums for "[a]ll work performed in excess of 8 hours if

19   required to work fewer hours than scheduled on that day."

20         78.  In violation of California Labor Code §223, Schneider secretly paid

21   plaintiffs and similarly situated workers at rates lower than the agreed upon rates, by

22   failing to pay employees overtime premiums for work performed in excess of 8 hours

23   when required to work less than 10 hours on a given day.  Instead, Schneider

24   unlawfully and in breach of its written agreement required its employees to waive

25   their right to overtime premiums on days they worked more than 8 but less than 10

26   hours.

27         79.  As a direct and proximate result of defendants' unlawful conduct as

28   alleged herein, plaintiffs and members of the class have sustained economic damages,

1  including but not limited to unpaid wages and lost interest, in an amount to be

2  established at trial, and are entitled to recover economic and statutory damages and

3  penalties and other appropriate relief .

4

5  ### SEVENTH CLAIM FOR RELIEF

6  **(Fraudulent Misrepresentation;**
   **Brought by Plaintiffs on behalf of**

7  **Themselves and the Class)**

8      80.  Plaintiffs, on behalf of themselves and the class, reallege and incorporate

9  by reference all previous paragraphs.

10      81.  In its written alternative workweek schedule proposal, Schneider

11  represented to plaintiffs and other members of the class that it intended to provide

12  them with four 10-hour days of work per week, and that their compensation would

13  not be affected by the alternative workweek schedule.  Schneider represented that if it

14  was unable to provide them with this schedule, it would solicit volunteers to take time

15  off.  Schneider further represented to plaintiffs and other members of the class that

16  they would be paid overtime premiums for "[a]ll work performed in excess of 8 hours

17  if required to work fewer hours than scheduled on that day."  Schneider made similar

18  oral representations during meetings preceding the alternative workweek election.

19      82.  Schneider did not intend to fulfill any of these representations, but falsely

20  represented its intentions for the purpose of inducing plaintiffs and other members of

21  the class to vote to adopt the alternative workweek proposal.

22      83.  Specifically, Schneider never intended to regularly provide the plaintiff

23  class with forty hours of work per week, and intended instead to reduce the hours that

24  plaintiffs and members of the class regularly worked each week.  Schneider never

25  intended to solicit volunteers to take time off on days that there was not enough work;

26  instead, it simply intended to force  employees who had not volunteered to take time

27  off without pay.  Schneider also never intended to pay the plaintiff class overtime

28  premiums on days they worked more than eight but less than ten hours.  Instead,

---

1   Schneider planned all along to require its employees to purportedly waive their rights

2   to overtime premiums on these days.

3        84.   Plaintiffs and other members of the class justifiably relied on Schneider's

4   representations regarding scheduling, compensation and overtime when they voted to

5   adopt the alternative workweek schedule.

6        85.   As a direct and proximate result of defendants' conduct as alleged in this

7   Complaint, plaintiffs and other members of the class have lost wages and other

8   benefits in amounts to be proven at trial.

9        86.   In making the representations set forth above under the circumstances set

10   forth above and in intentionally failing to live up to those representations, defendants

11   acted with oppression, fraud, and malice towards plaintiffs and other members of the

12   class, in violation of their rights.  Consequently, plaintiffs and all members of the

13   class are entitled to recover from defendants exemplary and punitive damages in an

14   amount to be proven at trial.

15

16                  **EIGHTH CLAIM FOR RELIEF**

**(California Labor Code Private Attorneys General Act,**

17                **Cal. Labor Code §2698 et seq.;**

**Brought by Plaintiffs on behalf of Themselves and all**

18      **Aggrieved Employees and/or on behalf of the Class)**

19        87.   Plaintiffs, on behalf of themselves and all aggrieved employees and/or on

20   behalf of the Class, as well as the general public of the State of California, reallege

21   and incorporate by reference all previous paragraphs.

22        88.   Under the California Labor Code Private Attorneys General Act, California

23   Labor Code §§2698-99 ("PAGA"), any aggrieved employee may bring a

24   representative action as a private attorney general on behalf of the general public,

25   including all other aggrieved employees, to recover civil penalties for their

26   employers' violations of the California Labor Code and IWC Wage Orders.  These

27   civil penalties are in addition to any other relief available under the Labor Code, and

28

1   must be allocated 75% to the State of California's Labor and Workforce Development

2   Agency and 25% to the aggrieved worker, pursuant to California Labor Code §2699.

3        89.  Pursuant to California Labor Code §1198, defendants' employment of any

4   plaintiff or class member for longer hours than those fixed by IWC Wage Order No.

5   9-2001 or under conditions of labor prohibited by Wage Order No 9-2001 is unlawful

6   and constitutes a violation of the California Labor Code, actionable under PAGA.

7   Pursuant to California Labor Code §1198, it is unlawful for defendants to have

8   required plaintiffs and similarly situated warehouse workers to work for longer hours

9   than those fixed, or under conditions of labor prohibited by, Wage Order No. 9-2001;

10  and to have violated, or refused or neglected to have complied with, any other

11  provision of Wage Order No. 9-2001 as alleged herein.

12       90.  Plaintiffs allege, on behalf of themselves, all aggrieved employees and/or

13  on behalf of the Class, as well as the general public of the State of California, that

14  defendants have violated the following provisions of the California Labor Code and

15  the following provisions of the IWC Wage Orders that are actionable through the

16  California Labor Code and PAGA, as previously alleged herein: California Labor

17  Code §§ 201-04, 223, 226, 226.7, 510, 1194(a), 1198-99, and IWC Wage Order No.

18  9-2001 §§ 3 and 12.  Each of these violations entitles plaintiffs, as private attorneys

19  general, to recover the applicable statutory civil penalties on their own behalf, on

20  behalf of all aggrieved employees, and on behalf of the general public.

21       91.  California Labor Code §2699(a), which is part of PAGA, provides in

22  pertinent part:

23            Notwithstanding any other provision of law, any provision of this

24       code that provides for a civil penalty to be assessed and collected by the

25       Labor and Workforce Development Agency or any of its departments,

26       divisions, commissions, boards, agencies, or employees, for a violation

27       of this code, may, as an alternative, be recovered through a civil action

28       brought by an aggrieved employee on behalf of himself or herself and

Complaint                                    -23-

1   other current or former employees pursuant to the procedures specified

2   in Section 2699.3.

3       92.  California Labor Code §2699(f), which is part of PAGA , provides in

4   pertinent part:

5           For all provisions of this code except those for which a civil penalty

6           is specifically provided, there is established a civil penalty for a violation

7           of these provisions, as follows: . . .

8               (2)  If, at the time of the alleged violation, the person employs one or

9           more employees, the civil penalty is one hundred dollars ($100) for each

10          aggrieved employee per pay period for the initial violation and two

11          hundred dollars ($200) for each aggrieved employee per pay period for

12          each subsequent violation.

13      93.  Plaintiffs are entitled to civil penalties, to be paid by defendants and

14  allocated as PAGA requires, pursuant to California Labor Code §2699(a) for

15  defendants' violations of the California Labor Code and IWC Wage Orders for which

16  violations a civil penalty is already specifically provided by law; and plaintiffs are

17  entitled to civil penalties, to be paid by defendants and allocated as PAGA requires,

18  pursuant to California Labor Code §2699(f) for defendants' violations of the

19  California Labor Code and IWC Wage Orders for which violations a civil penalty is

20  not already specifically provided.

21      94.  Plaintiffs are in the process of exhausting their administrative remedies as

22  required by California Labor Code §2699.3.  Plaintiffs will amend their Complaint to

23  allege such exhaustion after the exhaustion process is complete.

24      95.  Under PAGA, plaintiffs and the State of California are entitled to recover

25  the maximum civil penalties permitted by law for the violations of the California

26  Labor Code and Wage Order No. 9-2001 that are alleged in this Complaint.

27

28

## NINTH CLAIM FOR RELIEF
### (California Unfair and Unlawful Business Practices, Cal. Bus. & Prof. Code §17200 et seq.; Brought by Plaintiffs on behalf of Themselves, the Class, and the General Public)

96.  Plaintiffs, on behalf of themselves and the class, reallege and incorporate by reference all previous paragraphs.

97.  Defendants have engaged in unfair, fraudulent and unlawful business practices in violation of California Business & Professions Code § 17200, *et seq*. by engaging in the unlawful conduct alleged above, including but not limited to: failing to pay the overtime premiums required by law; failing to provide four 10-hour days of work per week in breach of their contract with plaintiffs and members of the class; failing to provide employees with rest breaks in accordance with California law; failing to provide itemized wage statements that accurately set forth the overtime hours worked by employees and overtime premiums due in violation of California Labor Code § 226(a); paying secret wages lower than those promised in a written agreement in violation of California Labor Code § 223;  making fraudulent representations to workers concerning their intention to provide four 10-hour days of work per week and pay certain overtime premiums to induce them to adopt an alternative workweek schedule; and failing to pay full wages when due and failing to make timely payment of full wages to workers who quit or have been discharged.

98.  Plaintiffs are informed and believe, and based upon such information and belief, allege that by engaging in the unfair and unlawful business practices complained of above, defendants were able to lower their labor costs and thereby to obtain a competitive advantage over law-abiding employers with which they compete, in violation of California Business & Professions Code §17200, *et seq.*, and California Labor Code § 90.5(a), which sets forth the public policy of California to vigorously enforce minimum labor standards to ensure that employees are not required or permitted to work under substandard and unlawful conditions and to

protect law-abiding employers and their employees from competitors that lower their costs by failing to comply with minimum labor standards.

99.  As a direct and proximate result of defendants' unfair and unlawful conduct as alleged herein, plaintiffs and members of the class have sustained injury and damages, including unpaid wages and lost interest, in an amount to be established at trial.  Plaintiffs and members of the class seek restitution of all unpaid wages owed to the class members, disgorgement of all profits that defendants have enjoyed as a result of their unfair and unlawful business practices, penalties, and injunctive relief.

### TENTH CLAIM FOR RELIEF
### (Declaratory Judgment Act,
### 28 U.S.C. §§ 2201 and 2202;
### Brought by Plaintiffs on behalf of
### Themselves and the Class)

100.  Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference all previous paragraphs.

101.  An actual controversy has arisen and now exists between the parties relating to the legal rights and duties of the parties as set forth above, for which plaintiffs desire a declaration of rights and other relief available pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202.

102.  A declaratory judgment is necessary in that plaintiffs contend that defendants have committed the violations set forth above and defendants, on information and belief, will deny that they have done so and/or that they will continue to do so.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for the following relief:

1. Certification of this action as a Rule 23 class action on behalf of the proposed class;

2.  Designation of plaintiffs as representatives of the class;

3.  Injunctive relief requiring defendants to pay their employees in compliance with the law, whether by paying them overtime premiums for all hours worked in excess of 8 hours per day or 40 hours per week, or by instituting and maintaining an alternative workweek schedule that complies with the law;

4.  Injunctive relief requiring defendants to provide plaintiffs and members of the class with rest breaks in accordance with the law;

5.  Injunctive relief prohibiting defendants from violating the California Labor Code and IWC Wage Order No. 9-2001, and committing unlawful and unfair business practices proscribed by California Business & Professions Code §17200, *et seq.*;

6.  Equitable tolling of the applicable statute of limitations on the claims of plaintiffs and members of the classes;

7.  A declaratory judgment that defendants have knowingly and intentionally violated the following provisions of law:

(a)  California Labor Code §§510, 550-556 and 1194(a) and IWC Wage Order No. 9-2001 §3, by failing to provide premium wages for work in excess of eight hours per workday on days that employees work less than the regularly-scheduled ten hours per day;

(b)  California Labor Code §226.7 and IWC Order No. 9-2001 §12, by failing to provide rest periods in accordance with the law, and failing to compensate employees for missed or untimely rest periods;

(c)  California Labor Code §226, by failing to provide the information required semimonthly or with each payment of wages;

(d)  California Labor Code §§201-204, by failing to pay full wages when due and by willfully failing to make timely payment of the full wages due to workers who quit or have been discharged;

(e)  California Labor Code §223, by paying secret wages;

(f)  California Business and Professions Code §§17200-08, by violating the provisions set forth in the foregoing subparagraphs (a) - (e).

8. An award of restitution or damages in the amount of unpaid overtime premiums for violations of Cal. Labor Code § 1194, including interest thereon, subject to proof at trial;

9. An award of damages for defendants' breach of contract and fraudulent misrepresentation, including interest thereon, subject to proof at trial;

10. An award of statutory penalties pursuant to California Labor Code §§203, 1174.5, and 2698-99 and California Business & Professions Code §17206, subject to proof at trial;

11. An award of penalties for failure to pay full wages when due pursuant to California Labor Code §§204 and 210, subject to proof at trial;

12. An award of waiting time penalties as to those class members who quit or have been discharged, pursuant to California Labor Code §203, subject to proof at trial;

13. An award of restitution of all amounts owed in unpaid overtime, and interest thereon, in an amount according to proof at trial, pursuant to California Business & Professions Code §17203;

14. Disgorgement of profits and all other appropriate equitable relief authorized by California Business & Professions Code §17203;

15. Punitive and exemplary damages for fraudulent misrepresentation;

16. Prejudgment and postjudgment interest on all sums awarded;

17. Attorneys' fees and litigation expenses in an amount the Court determines to be reasonable, pursuant to 29 U.S.C. §216(b), Labor Code §§218.5, 226(g), 1194(a), 2699(g)(1), and 2802(c), and California Code of Civil Procedure §1021.5, and such other provisions as may be applicable;

//

//

18.  Costs of suit; and

19.  Such other and further relief as is equitable, just, and proper.

Dated: March 15, 2012                    Respectfully submitted,


                                         THERESA M. TRABER
                                         LAUREN TEUKOLSKY
                                         REBECCA PETERSON-FISHER
                                         Traber & Voorhees


                                         By:
                                                  Lauren Teukolsky
                                         Attorneys for Plaintiffs
                                         FRANKLIN QUEZADA, et al.

1      ## DEMAND FOR JURY TRIAL

2

3          Plaintiffs, on behalf of themselves and similarly situated warehouse workers,

4      hereby demand a jury trial on all causes of action and claims with respect to which

5      they have a right to jury trial.

6

7      Dated: March 15, 2012                    Respectfully submitted,

8

9                                               THERESA M. TRABER
                                                LAUREN TEUKOLSKY
10                                              REBECCA PETERSON-FISHER
                                                Traber & Voorhees
11

12                                              By: _____
13                                                        Lauren Teukolsky
                                                Attorneys for Plaintiffs
14                                              FRANKLIN QUEZADA, et al.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint                                -30-