THERESA M. TRABER (SBN 116305)
LAUREN TEUKOLSKY (SBN 211381)
REBECCA PETERSON-FISHER (SBN 255359)
MARISA HERNANDEZ-STERN (SBN 272477)
Traber & Voorhees
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9611
Facsimile: (626) 585-1400
tmt@tvlegal.com
lt@tvlegal.com
rpf@tvlegal.com
mhs@tvlegal.com

Attorneys for Plaintiffs Franklin Quezada, *et al.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| FRANKLIN QUEZADA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SCHNEIDER LOGISTICS TRANSLOADING & DISTRIBUTION, INC., et al., <br><br> Defendants. | Case No. CV 12-2188 CAS (DTBx) <br><br> **DECLARATION OF LAUREN TEUKOLSKY IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER LIMITING DEFENSE COMMUNICATIONS WITH CLASS MEMBERS AND OTHER RELIEF UNDER FED. R. CIV. P. 23(d)** <br><br> Date: March 25, 2013 <br> Time: 10:00 a.m. <br> Judge: Hon. Christina A. Snyder |

Teukolsky Declaration;
Case No. CV 12-2188 CAS (DTBx)

**DECLARATION OF LAUREN TEUKOLSKY**

I, Lauren Teukolsky, hereby declare as follows:

1. I am a partner in the law firm of Traber & Voorhees, an attorney duly licensed to practice law in the State of California and before this federal court, and one of the counsel of record for plaintiffs in the above-captioned lawsuit. The facts stated here are based on my personal knowledge or my review of the file in this case. If called as a witness, I could and would competently testify to the following matters.

2. After we obtained his declaration in connection with this motion, we learned that class member Joel Alvarado was contacted by lawyers for Schneider contacted him by telephone about 2-3 weeks ago and asked questions related to the matters in this lawsuit. Mr. Alvarado is willing to submit another declaration to this effect if necessary. I learned from another class member, who did not wish to submit a declaration to the Court, that he too had been contacted by telephone in the past 2-3 weeks by a lawyer for Schneider asking questions related to matters in this lawsuit. The lawyer who contacted these two employees apparently failed to make the disclosures required under Cal. Rule of Prof. Conduct 3-600 – i.e., that the lawyer represented only Schneider's interests and not the interests of the employee, and that the information that the lawyer was gathering may be used in the future to undermine the employee's rights to claim overtime compensation or other relief in this lawsuit.

3. On July 2, 2012, plaintiffs propounded a document request to Schneider asking it to produce all overtime pay waiver forms that its employees signed (which Schneider calls "short shift" waiver forms). When employees sign these waiver forms, they purport to waive their right under California law to receive overtime pay for hours worked in excess of eight hours on days that Schneider does not provide them with the ten hours of "regularly scheduled" work under the alternative workweek agreement. Based on my review of the documents that Schneider produced, and my supervision of others at my firm who have reviewed the

1 documents, Schneider has now produced thousands of these overtime pay waiver
2 forms, all of which are in English.  A true and correct copy of examples of these
3 waiver forms is attached hereto as Exhibit S.

4   4. Schneider has also produced a spreadsheet that appears to list each
5 instance in which an employee filled out an overtime pay waiver form since April
6 2010 (produced as SLTD-QUE 122385).  According to this spreadsheet, since April
7 2010, employees have signed overtime pay waiver forms approximately 2250 times.

8   5. Based on my review of the documents that Schneider produced, and my
9 supervision of others at my firm who have reviewed the documents, Schneider has
10 now produced thousands of meal period waiver forms that its employees have signed
11 since Schneider started using the form in late 2011.  A true and correct copy of one
12 of these waiver forms is attached hereto as Exhibit T.

13   6. On June 8, 2012, the attorneys for both sides in this case held the Rule
14 26 conference during which we were supposed to discuss all matters listed in Fed. R.
15 Civ. P. 26(f).  Schneider's attorneys from the Ogletree law firm are located in San
16 Francisco, so we had the conference by phone.  Attorney Mike Nader from Ogletree
17 did most of the talking during the call on behalf of Schneider.  I represented
18 plaintiffs during the call.  During that call, neither Mr. Nader nor any of the other
19 Ogletree attorneys on the phone disclosed to me that Schneider had obtained 106
20 declarations from Schneider employees two months earlier, and that it planned to
21 withhold the documents on the basis of the attorney work product doctrine.  As
22 reflected in the Rule 26 report submitted to the Court (Exh. P hereto), we did
23 specifically discuss another potential privilege issue during the call.

24   7. On July 2, 2012, plaintiffs propounded interrogatories asking Schneider
25 to identify any documents, such as declarations, that employees had signed in
26 connection with this litigation.  Plaintiffs also requested that Schneider produce any
27 such documents.  Schneider responded to the interrogatories on Sept. 28, 2012 by
28

providing a list of 106 employees who had signed declarations. However, Schneider refuses to produce any of the declarations, citing the attorney work product doctrine. Despite my repeated requests during the meet and confer process (as memorialized in the correspondence attached hereto as Exhibits A to J), Schneider refuses to list the declarations on a privilege log, or to identify the name of the Schneider attorney(s) who drafted the declarations.

8. On July 2, 2012, plaintiffs propounded special interrogatories to Schneider asking it to provide contact information for all potential class members. In response, Schneider refused to disclose *any* class member contact information and insisted on using the *BelAire* notice process before any contact information is disclosed. Plaintiffs disagree that the *BelAire* notice process is required in this case. However, after an extensive meet and confer, during which it became clear that Schneider would insist that plaintiffs file a motion to compel the response rather than provide the information, we agreed to use the *BelAire* notice process (which Schneider agreed to pay for) to avoid yet another a lengthy and costly discovery battle with Ogletree's attorneys. The notice is in the process of being sent out, and plaintiffs will not have contact information until 30 days after it is sent.

9. Attached hereto as Exhibit A is a true and correct copy of a letter that I sent to Jill Garcia dated January 28, 2013.

10. Attached hereto as Exhibit B is a true and correct copy of an email dated February 4, 2013 that I sent to Jill Garcia memorializing a phone call that we had earlier that day.

11. Attached hereto as Exhibit C is a true and correct copy of an email that Jill Garcia sent to me dated February 6, 2013.

12. Attached hereto as Exhibit D is a true and correct copy of a letter that Jill Garcia sent to me on February 13, 2013. Ms. Garcia served my office with six deposition notices under cover of this letter. We do not represent any of the

1  employees whose depositions have been noticed, and Ms. Garcia confirmed during
2  one of our phone calls that these employees will be unrepresented at their
3  depositions unless they obtain their own attorneys.
4       13.    Attached hereto as Exhibit E is a true and correct copy of an email dated
5  February 14, 2013 that I sent to Jill Garcia memorializing a phone call that we had
6  earlier that day.
7       14.    Attached hereto as Exhibit F is a true and correct copy of an email that
8  Jill Garcia sent me dated February 15, 2013.
9       15.    Attached hereto as Exhibit G is a true and correct copy of an email that
10 Jill Garcia sent me dated February 18, 2013.
11      16.    Attached hereto as Exhibit H is a true and correct copy of a letter that
12 Jill Garcia sent me dated February 19, 2013.
13      17.    Attached hereto as Exhibit I is a true and correct copy of an email that I
14 sent to Jill Garcia dated February 20, 2013.
15      18.    Attached hereto as Exhibit J is a true and correct copy of an email that
16 Jill Garcia sent to me dated Feb. 22, 2013, and a responsive email I sent to her later
17 that same day.
18      19.    Attached hereto as Exhibit K is a true and correct copy of an excerpt
19 from Defendant's Second Supplemental Responses to Plaintiff Elizabeth Gutierrez's
20 Special Interrogatories (Set One), dated January 31, 2013.
21      20.    Attached hereto as Exhibit L is a true and correct copy of an excerpt
22 from Defendant's Supplemental Responses to Plaintiffs' Request for Production of
23 Documents (Set One), dated September 28, 2013.
24      21.    Attached hereto as Exhibit M is a true and correct copy of Defendant
25 Schneider Logistics Transloading & Distribution, Inc.'s Initial Disclosure Statement
26 dated June 22, 2012.
27
28

22. Attached hereto as Exhibit N is a true and correct copy of the Declaration of Victor Ramirez (Doc. #123), filed on Dec. 22, 2011 in the related action, *Carrillo v. Schneider Logistics, Inc.*, Case No. CV 11-8557 CAS (DTBx).

23. Attached hereto as Exhibit O is a true and correct copy of Attached hereto as Exhibit O is a true and correct copy of the Declaration of Franklin Quezada (Doc. #122), filed on Dec. 22, 2011 in the related action, *Carrillo v. Schneider Logistics, Inc.*, Case No. CV 11-8557 CAS (DTBx).

24. Attached hereto as Exhibit P is a true and correct copy of an excerpt from the parties' Joint Statement Re: Fed. R. Civ. P. 26(f) Conference, which I caused to be filed on June 22, 2012.

25. Attached hereto as Exhibit Q is a true and correct copy of an order entitled, "Order Denying Motion to Disqualify Defense Counsel and Ordering Curative Notice to Putative Class Members," dated Sept. 30, 2005 that was entered in the case entitled *Shahrokhshahi v. Round Table Pizza, Inc.*, Case No. RG05194700, in the Superior Court of the State of California for the County of Alameda.

26. Attached hereto as Exhibit R is a true and correct copy of Rule 3-600 of the California Rules of Professional Conduct.

27. Attached hereto as Exhibit S is a true and correct copy of documents Bates stamped SLTD-QUE 104525-32, which Schneider has produced to plaintiffs in this case. The documents are redacted to protect disclosure of the employees' names. Based on my review of the documents and information that I have received from the named plaintiffs, it is my understanding that employees fill out these forms on days when Schneider is unable to provide a full ten hours of work, but they work more than 8 hours in a day. By signing the part of the form that says, "I waive California short shift," the employee purports to waive his or her right to overtime pay for hours worked in excess of eight on that day.

1   28.   Attached hereto as Exhibit T is a true and correct copy of a document
2   entitled, "Second Meal Period Waiver," Bates stamped SLTD-QUE 157930, which
3   Schneider produced to plaintiffs in this case.

5   I declare under penalty of perjury under the laws of the United States of
6   America and the State of California that the foregoing is true and correct.  Executed
7   on February 25, 2013 in Pasadena, California.

/s/<br>Lauren Teukolsky

Teukolsky Declaration;
Case No. CV 12-2188 CAS (DTBx)      -6-