Douglas J. Farmer, State Bar No. 139646
douglas.farmer@ogletreedeakins.com
Michael J. Nader, State Bar No. 200425
michael.nader@ogletreedeakins.com
Christopher M. Ahearn, State Bar No. 239089
chris.ahearn@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:  415.442.4810
Facsimile:   415.442.4870

Attorneys for Defendant
SCHNEIDER LOGISTICS TRANSLOADING &
DISTRIBUTION, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FRANKLIN QUEZADA, ELIZABETH GUTIERREZ, VICTOR RAMIREZ, an WALTER DOWNING for themselves and all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SCHNEIDER LOGISTICS TRANSLOADING & DISTRIBUTION, INC.; and DOES 1 through 5,<br><br>Defendants. | Case No. 2:12-cv-02188-CAS-(DTBx)<br><br>**JOINT STIPULATION REGARDING CURATIVE NOTICE TO PUTATIVE CLASS**<br><br>Complaint Filed: March 15, 2012<br>Trial Date:       None Set<br>Judge:             Christina A. Snyder |

1  Plaintiffs Franklin Quezada, Elizabeth Gutierrez, Victor Ramirez, and Walter
2  Downing (collectively, the "Plaintiffs"), and Defendant Schneider Logistics
3  Transloading & Distribution, Inc. ("SLTD"), by and through their undersigned
4  counsel, hereby respectfully submit the following stipulation to the Court regarding
5  the curative notice provided by the Court's order dated April 17, 2013.

## STIPULATION

WHEREAS, on April 17, 2013, the Court ordered a curative notice to be sent to putative class members in this action;

WHEREAS, on May 1, 2013, SLTD notified plaintiffs of its intention to file a motion for clarification of the Court's order regarding the curative notice;

WHEREAS, the parties then met and conferred regarding certain clarifications to the notice requested by SLTD;

WHEREAS, during the meet and confer, SLTD raised the concern that some employees may read the notice to mean that they cannot speak to management about issues like inaccurate pay stubs or pay that they believe is missing from their pay checks;

WHEREAS, plaintiffs disagree that the notice can be read in this manner because it does not restrict employees' ability to speak with SLTD management about these issues;

WHEREAS, plaintiffs wanted to avoid the need for Court intervention, and therefore agreed that the following language could be added to the curative notice at the end of the sixth paragraph: "This does not restrict your ability to speak with Schneider management about any pay issues, including missing overtime compensation, missed meal or rest breaks, scheduling issues, questions about information on your pay stubs, or questions about your time records.  It also does not restrict Schneider management's ability to communicate with you to address and resolve such issues."

WHEREAS, the parties agree to the form of notice set forth in the attached

Exhibit A, which incorporates this language.

WHEREAS, a redlined copy of the curative notice showing the changes stipulated to by the parties is attached as Exhibit B.

WHEREAS, SLTD makes this stipulation without waiving any rights to appeal the Court's order that the curative notice be issued;

WHEREAS, the parties agree that the curative notice should be sent to class members in both English and Spanish;

WHEREAS, SLTD retained a court-certified translator to translate the curative notice into Spanish, and both parties have had the opportunity to review and edit such translation and agree that it is true and accurate;

WHEREAS, the translated version of the curative notice is attached hereto as Exhibit C;

WHEREAS, the parties request that the Court sign both the English and Spanish versions of the curative notice, attached hereto as Exhibit A and Exhibit C, so that a third-party administrator may mail both versions to putative class members;

//
//

WHEREAS, the parties agree to the form of the [Proposed] Order that has been filed concurrently herewith.

NOW THEREFORE, the Parties stipulate and agree as set forth above.

DATED: May 17, 2013     OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: ___/s Jill Garcia_____
Jill Garcia
Attorney for Defendants
SCHNEIDER LOGISTICS
TRANSLOADING & DISTRIBUTION, INC.

DATED: May 17, 2013     TRABER & VOORHEES

By: _____
Lauren Teukolsky
Attorney for Plaintiffs
FRANKLIN QUEZADA, ELIZABETH GUTIERREZ, VICTOR RAMIREZ, and WALTER DOWNING

# EXHIBIT A

# CURATIVE NOTICE

To Current and Former Employees of Schneider Logistics Transloading and Distribution, Inc.:

You are receiving this letter because you are a potential member of a class action lawsuit against Schneider Logistics Transloading and Distribution, Inc. ("Schneider"). This is an official communication from the Court regarding the case. **Please read it carefully**.

On March 15, 2012, Schneider employees Franklin Quezada, Elisabeth Gutierrez and Victor Ramirez filed a class action lawsuit against Schneider. The attorneys for the plaintiffs are:

Theresa M. Traber (tmt@tvlegal.com)

Lauren Teukolsky (lt@tvlegal.com)

Marisa Hernandez-Stern (mhs@tvlegal.com)

(626) 585-9611

The attorneys for the defendants are:

Douglas J. Famer (douglas.farmer@ogletreedeakins.com)

Michael J. Nader (michael.nader@ogletreedeakins.com)

Christopher M. Ahearn (chris.ahearn@ogletreedeakins.com)

(415) 442-4810

The lawsuit alleges that Schneider violated certain labor laws, and that employees who have worked in Schneider's warehouses in Mira Loma since June 2008 are entitled to overtime pay, compensation for missed meal and rest breaks, and "show up" pay for days that employees showed up to work but were not given enough hours, or not put to work at all. The Court has made no determination about whether the claims asserted in the lawsuit have merit.

In April 2012, Schneider's attorneys interviewed a number of employees at the warehouses about the issues in the lawsuit, and obtained 106 written statements from employees. The statements, called "declarations," were signed under penalty of perjury, and are the kind of documents that are filed with courts as evidence in a case. If you were one of the employees interviewed, you may have believed that the document you signed was a consent form, or a summary of your interview with the attorneys.

On March 25, 2013, this Court ruled that Schneider used deceptive and misleading

communications in obtaining these statements. This Court also ruled that Schneider obtained the statements under circumstances that were coercive. Therefore, the Court will not allow Schneider to use these statements for any purpose in the lawsuit. The Court will disregard these statements should Schneider attempt to use them.

In addition, Schneider and its attorneys are no longer allowed to communicate with you about the lawsuit without first obtaining permission from the Court. If any Schneider managers, supervisors or attorneys speak with you about the lawsuit without showing you written permission from the Court to do so, you may refuse to speak with them, and cannot be punished due to your refusal. This does not restrict your ability to speak with Schneider management about any pay issues, including missing overtime compensation, missed meal or rest breaks, scheduling issues, questions about information on your pay stubs, or questions about your time records. It also does not restrict Schneider management's ability to communicate with you to address and resolve such issues.

It is very important for you to understand that Schneider may not retaliate against you in any way for participating in the lawsuit. This means that Schneider may not fire you, discipline you, or cut your hours for participating in the lawsuit. Schneider also may not punish you for providing information to plaintiffs' counsel about your working conditions, or providing a written statement that the plaintiffs may use to prove their case against Schneider.

Schneider has indicated that it may require some employees to provide testimony under oath in a formal interview call a "deposition." In the deposition, attorneys who represent both Schneider and the plaintiffs are allowed to ask you questions about your working conditions. You should answer any such questions truthfully. Schneider may not retaliate against you for providing truthful testimony under oath, even if that testimony is harmful to Schneider in this lawsuit. In addition, you are entitled to be represented in your deposition by an attorney. An attorney will answer any questions you may have, and can help explain the deposition process. If you choose to be represented by an attorney, all of your communications with him or her will be confidential.

/ / /

/ / /

Should you have questions about this notice, you may contact the attorneys for the plaintiffs or your own attorney. Again, all of your communications with an attorney will be confidential. **Please do not contact the Court with questions.**

DATED:_____, 2013

_____
CHRISTINA A. SNYDER
United States District Judge

# EXHIBIT B

**CURATIVE NOTICE**

To Current and Former Employees of Schneider Logistics Transloading and Distribution, Inc.:

You are receiving this letter because you are a potential member of a class action lawsuit against Schneider Logistics Transloading and Distribution, Inc. ("Schneider"). This is an official communication from the Court regarding the case. **Please read it carefully**.

On March 15, 2012, Schneider employees Franklin Quezada, Elisabeth Gutierrez and Victor Ramirez filed a class action lawsuit against Schneider. The attorneys for the plaintiffs are:

Theresa M. Traber (tmt@tvlegal.com)

Lauren Teukolsky (lt@tvlegal.com)

Marisa Hernandez-Stern (mhs@tvlegal.com)

(626) 585-9611

The attorneys for the defendants are:

Douglas J. Farmer (douglas.farmer@ogletreedeakins.com)

Michael J. Nader (michael.nader@ogletreedeakins.com)

Christopher M. Ahearn (chris.ahearn@ogletreedeakins.com)

(415) 442-4810

The lawsuit alleges that Schneider violated certain labor laws, and that employees who have worked in Schneider's warehouses in Mira Loma since June 2008 are entitled to overtime pay, compensation for missed meal and rest breaks, and "show up" pay for days that employees showed up to work but were not given enough hours, or not put to work at all. The Court has made no determination about whether the claims asserted in the lawsuit have merit.

In April 2012, Schneider's attorneys interviewed a number of employees at the warehouses about the issues in the lawsuit, and obtained 106 written statements from employees. The statements, called "declarations," were signed under penalty of perjury, and are the kind of documents that are filed with courts as evidence in a case. If you were one of the employees interviewed, you may have believed that the document you signed was a consent form, or a summary of your interview with the attorneys.

On March 25, 2013, this Court ruled that Schneider used deceptive and misleading

communications in obtaining these statements. This Court also ruled that Schneider obtained the statements under circumstances that were coercive. Therefore, the Court will not allow Schneider to use these statements for any purpose in the lawsuit. The Court will disregard these statements should Schneider attempt to use them.

In addition, Schneider and its attorneys are no longer allowed to communicate with you about the lawsuit without first obtaining permission from the Court. If any Schneider managers, supervisors or attorneys speak with you about the lawsuit without showing you written permission from the Court to do so, you may refuse to speak with them, and cannot be punished due to your refusal. <u>This does not restrict your ability to speak with Schneider management about any pay issues, including missing overtime compensation, missed meal or rest breaks, scheduling issues, questions about information on your pay stubs, or questions about your time records. It also does not restrict Schneider management's ability to communicate with you to address and resolve such issues.</u>

It is very important for you to understand that Schneider may not retaliate against you in any way for participating in the lawsuit. This means that Schneider may not fire you, discipline you, or cut your hours for participating in the lawsuit. Schneider also may not punish you for providing information to plaintiffs' counsel about your working conditions, or providing a written statement that the plaintiffs may use to prove their case against Schneider.

Schneider has indicated that it may require some employees to provide testimony under oath in a formal interview call a "deposition." In the deposition, attorneys who represent both Schneider and the plaintiffs are allowed to ask you questions about your working conditions. You should answer any such questions truthfully. Schneider may not retaliate against you for providing truthful testimony under oath, even if that testimony is harmful to Schneider in this lawsuit. In addition, you are entitled to be represented in your deposition by an attorney. An attorney will answer any questions you may have, and can help explain the deposition process. If you choose to be represented by an attorney, all of your communications with him or her will be confidential.

///

///

1  Should you have questions about this notice, you may contact the attorneys for the plaintiffs
2  or your own attorney. Again, all of your communications with an attorney will be confidential.
3  **Please do not contact the Court with questions**.

6  DATED:_____, 2013

                                                  _____
                                                  CHRISTINA A. SNYDER
                                                  United States District Judge

# EXHIBIT C

| | |
|---|---|
| 1 | **AVISO CURATIVO** |
| 2 | A Empleados Actuales y Anteriores de Schneider Logistics Transloading and Distribution, Inc.: |
| 3 | Está recibiendo esta carta porque es un posible miembro de una acción judicial colectiva |
| 4 | contra Schneider Logistics Transloading and Distribution, Inc. (en adelante, "Schneider"). Ésta es |
| 5 | una comunicación oficial del Tribunal relacionada con la causa. **Por favor, léala** |
| 6 | **cuidadosamente.** |
| 7 | El 15 de marzo de 2012, los empleados de Schneider Franklin Quezada, Elizabeth Gutierrez |
| 8 | y Victor Ramirez presentaron una acción judicial colectiva contra Schneider. Los abogados de los |
| 9 | demandantes son: |
| 10 | Theresa M. Traber (tmt@tvlegal.com) |
| 11 | Lauren Teukolsky (lt@tvlegal.com) |
| 12 | Marisa Hernandez-Stern (mhs@tvlegal.com) |
| 13 | (626) 585-9611 |
| 14 | Los abogados de los demandados son: |
| 15 | Douglas J. Famer (douglas.farmer@ogletreedeakins.com) |
| 16 | Michael J. Nader (michael.nader@ogletreedeakins.com) |
| 17 | Christopher M. Ahearn (chris.ahearn@ogletreedeakins.com) |
| 18 | (415) 442-4810 |
| 19 | El juicio alega que Schneider violó determinadas leyes de trabajo, y que los empleados que |
| 20 | han laborado en las bodegas de Schneider en Mira Loma desde el año 2008 tienen derecho al pago |
| 21 | de horas extras, en compensación por períodos de comida y descanso perdidos, y pago por |
| 22 | "presentación" para los días en que los empleados se presentaron a trabajar pero no se les dieron |
| 23 | horas suficientes, o no se les puso a trabajar de ninguna manera. El Tribunal no ha hecho ninguna |
| 24 | determinación sobre si los reclamos expuestos en el juicio tienen mérito o no. |
| 25 | En abril del 2012, los abogados de Schneider entrevistaron a una cantidad de empleados en |
| 26 | las bodegas sobre los temas del juicio, y obtuvieron 106 declaraciones escritas de los empleados. |
| 27 | Las declaraciones, se firmaron bajo pena de perjurio y son la clase de documentos que se presentan |
| 28 | en los tribunales como prueba en una causa. Si Usted fue uno de los empleados entrevistados, |

puede haber creído que el documento que firmó era un formulario de consentimiento, o un resumen de su entrevista con los abogados.

El 25 de marzo del 2013, este Tribunal dictaminó que Schneider usó comunicaciones engañosas y falsas para obtener estas declaraciones. Este Tribunal también dictaminó que Schneider obtuvo declaraciones bajo circunstancias que fueron coercitivos. Por lo tanto, el Tribunal no permitirá que Schneider use estas declaraciones para ningún fin en el juicio. El Tribunal no tendrá en cuenta estas declaraciones si Schneider intenta usarlas.

Así mismo, a Schneider y sus abogados ya no se les permitirá comunicarse con Usted sobre el juicio sin primero obtener el permiso del Tribunal. Si algún gerente, supervisor o abogado de Schneider habla con Usted sobre el juicio sin mostrarle el permiso escrito del Tribunal para hacerlo, Usted puede negarse a hablar con ellos, y no se le podrá castigar por su negación. Esto no restringe su capacidad de hablar con la gerencia de Schneider sobre problemas de pago, incluso compensación por horas extras perdidas, períodos de comida o descanso perdidos, problemas de horarios, preguntas sobre la información en sus talones de pago o preguntas sobre sus registros de horario. Tampoco no restringe la capacidad de la gerencia de Schneider de comunicarse con Usted para tratar y resolver dichos problemas.

Es muy importante para Usted que comprenda que Schneider no puede tomar represalias contra Usted de ninguna manera por participar en el juicio. Esto significa que Schneider no puede despedirlo, aplicarle medidas disciplinarias o recortarle horas por participar en el juicio. Schneider tampoco puede castigarlo por proporcionar información al abogado de los demandantes sobre sus condiciones de trabajo, o brindar una declaración escrita que los demandantes puedan usar para demostrar su caso contra Schneider.

Schneider ha indicado que podrá requerir que algunos empleados proporcionen testimonio bajo juramento en una entrevista formal llamada "declaración". En la declaración, a los abogados que representan a Schneider y a los demandantes se les permite formular preguntas sobre sus condiciones de trabajo. Usted debe responder cada pregunta con la verdad. Schneider no puede tomar represalias en contra suya por brindar testimonio verdadero bajo juramento, incluso si el testimonio es perjudicial para Schneider en este juicio. Además tiene derecho a ser representado en

1  su declaración por un abogado.  Un abogado responderá a cualquier pregunta que pueda tener, y
2  podrá ayudarlo a explicarle este proceso de declaración.  Si elige ser representado por un abogado,
3  todas sus comunicaciones con éste se mantendrán de manera confidencial.
4       Si tiene preguntas sobre este aviso, puede contactar a los abogados de los demandantes o a
5  su propio abogado.  Nuevamente, todas sus comunicaciones con un abogado serán confidenciales.
6  **Por favor, no contacte al Tribunal para hacer preguntas.**

9  FECHA:_____, 2013        _____
10                                               CHRISTINA A. SNYDER
                                              Juez de Distrito de los Estados Unidos