THERESA M. TRABER (SBN 116305)
LAUREN TEUKOLSKY (SBN 211381)
REBECCA PETERSON-FISHER (SBN 255359)
MARISA HERNANDEZ-STERN (SBN 272477)
Traber & Voorhees
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9611
Facsimile: (626) 585-1400
tmt@tvlegal.com
lt@tvlegal.com
rpf@tvlegal.com
mhs@tvlegal.com

Attorneys for Plaintiffs Franklin Quezada, *et al.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| FRANKLIN QUEZADA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SCHNEIDER LOGISTICS TRANSLOADING & DISTRIBUTION, INC., et al., <br><br> Defendants. | Case No. CV 12-2188 CAS (DTBx) <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> Date: December 2, 2012 <br> Time: 10:00 a.m. <br> Judge: Hon. Christina A. Snyder |

Named plaintiffs Franklin Quezada, Victor Ramirez, Elizabeth Gutierrez and Walter Downing ("plaintiffs") have moved for preliminary approval of the Settlement Agreement and Release ("Settlement Agreement") between themselves and others similarly situated ("Settlement Class") and defendant Schneider Logistics Transloading and Distribution, Inc. ("Schneider" or "Defendant") in this class action case (the "Action"). The Court has reviewed and considered the Settlement Agreement, the record in this case, the briefs and arguments of counsel, and supporting exhibits.[1]

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Court does hereby preliminarily approve the Settlement Agreement, subject to further consideration at the final fairness hearing described below. While the Court will consider multiple factors at the fairness hearing, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), at the preliminary stage a settlement is presumptively fair if it "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (quoting Manual for Complex Litigation, Second §30.44 (1985)); *accord Monterrubio v. Best Buy Stores, L.P.*, 2013 U.S. Dist. LEXIS 68647, *28 (E.D. Cal. May 13, 2013). The Court finds that the settlement appears to be the product of informed and arm's-length negotiations, has no obvious deficiencies, does not grant preferential treatment to class representatives or segments of the class, and falls well within the range of possible approval.

2. A final fairness hearing (the "Fairness Hearing") shall be held before

---

[1] All defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement.

this Court on _____, 2014, at the United States District Court, located at 312 N. Spring Street, Los Angeles, CA 90012, in Courtroom 5, at ___ a.m., to determine whether to approve certification of the Settlement Class; whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; whether a final judgment should be entered herein; and to determine the amount of fees and expenses that should be awarded to plaintiffs' counsel, and any service awards that should be awarded to the named plaintiffs. The Court may change the day of the Fairness Hearing without further notice to Class Members. Class members who wish to appear at or attend the Fairness Hearing should confirm the date and time with the Court's clerk.

       3.      The Court preliminarily approves the following class for purposes of settlement only: "All current and former hourly employees who have worked for Schneider at its Mira Loma/Eastvale facility during the Class Period, March 15, 2008 until Preliminary Approval, and who have been subject to an alternative workweek schedule at any time during the Class Period." The date of Preliminary Approval is [enter date that the Court signs this order].

       4.      The Court preliminarily finds that the following claims alleged in the First Amended Complaint, which is the operative pleading, meet the prerequisites of Rule 23 of the Federal Rules of Civil Procedure for settlement purposes: (1) unpaid overtime; (3) unlawful rest breaks; (4) unlawful meal breaks; (5) unpaid reporting time pay; (6) unpaid wages; (7) failure to maintain accurate records; (8) failure to provide accurate itemized wage statements; (9) waiting time penalties; (11) fraudulent misrepresentation; (12) Private Attorneys General Act ("PAGA") penalties; (13) violation Bus. & Prof. Code § 17200, *et seq*. Plaintiffs did not seek to certify Claim 2 for breach of contract or Claim 10 for paying secret wages, and the Court accordingly does not certify those claims.

5. Rule 23(a)(1) requires that the class be so numerous that joinder of all class members would be "impracticable." Fed. R. Civ. P. 23(a)(1). The numerosity requirement is generally met when the class exceeds forty members. *Jordan v. Los Angeles County*, 669 F.2d 1311, 1319 (9th Cir. 1982). Here, Schneider's records show that there are approximately 568 individuals in the settlement class. Declaration of Lauren Teukolsky ("Teukolsky Decl.") ¶45. Accordingly, the proposed class satisfies the numerosity requirement.

6. Rule 23(a)(2) requires the presence of questions of law and fact common to the class. Under Rule 23(b)(3), common questions must "predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury . . . [and] [t]heir claims must depend upon a common contention . . . of such nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (internal quotation marks and citations omitted). In this case, the Court finds that there are a number of common questions that satisfy the *Dukes* commonality criteria, Specifically, the Court finds that the following common questions predominate over individual questions, and may be resolved "in one stroke" for all class members.

7. **The overtime claim**: There is a common, predominant question whether Schneider held an invalid AWS election in June 2008 by failing to comply with the strict requirements that govern AWS elections. IWC Wage Order 9-2001 § 3(C) (providing that failure to comply with disclosure requirements ***"shall make the election null and void"***) (emphasis added). *Cf. Polanco v. Schneider National Carriers, Inc.*, Case No. CV 20-4565-GHK (JEMx), order dated October 25, 2012

(certifying overtime claim premised on the contention that an AWS election was invalid based on employer's failure to follow proper procedures).

8. **The fraudulent misrepresentation claim:** There is a common, predominant question whether Schneider knowingly made false representations to its employees to induce them to vote in favor of the AWS. *Manderville v. PCG&S Group, Inc.*, 146 Cal. App. 4th 1486, 1498 (2007). Plaintiffs have presented evidence that Schneider made numerous false representations in its AWS proposal and in group meetings to its employees to persuade them to adopt the AWS, including that employees would be paid overtime for so-called "short shifts" and would be provided a regular schedule. Because plaintiffs' fraud claim stems from a "'common course of conduct,'" and involves identical misrepresentations made to numerous employees at the same time, it is appropriate for class certification. *Phelps v. 3PD, Inc.*, 261 F.R.D. 548, 560-61 (D. Or. 2009) (quoting *In re First Alliance Mtg. Co.*, 471 F.3d 977, 990 (9th Cir. 2006)).

9. **The rest break claim:** There is a common, predominant question whether Schneider failed to authorize and permit employees to take a lawful second rest break for shifts lasting between six and eight hours. Plaintiffs have presented evidence that Schneider maintained a written policy that failed to inform employees that they could take a rest break for every four hours of work *"or major fraction thereof,"* and that failed to provide that employees should take their breaks in the middle of the shift insofar as practicable. This written policy is facially unlawful under IWC Wage Order 9-2001 §12. Schneider enforced its policy uniformly against all Class Members, such that Class Members either were not provided a second rest break, or were provided a second rest break only at the end of their shift.

If an employer adopts a uniform policy that does not authorize rest breaks in accordance with the timing mandated by the wage orders, then "it has violated the wage order and is liable." *Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th

1004, 1033 (2012); *see also Faulkinbury v. Boyd & Associates, Inc.*, 216 Cal. App. 4th 220, 236-37 (2013) (certifying rest break class). Class certification is appropriate where an employer has a uniform policy that fails to provide a second rest break to employees working shifts lasting between 6-8 hours. *Brinker*, 53 Cal. 4th at 1033. Because Schneider consistently enforced its unlawful rest break policy against all Class Members, plaintiffs' rest break claim is suitable for class treatment.

10.  **The meal break claim:** There is a common, predominant question whether Schneider failed to authorize and permit employees to take lawful meal periods. Plaintiffs have presented evidence that Schneider had a number of uniform, classwide policies and practices that violated its employees' rights to take meal breaks, including: requiring employees to sign blanket meal period waivers as a condition of employment; failing to inform employees in its written policy that they were entitled to a break for every five hours worked; maintaining a written policy that required employees to choose between a paid 15-minute rest break and an unpaid 30-minute meal period; failing to provide employees with first meal periods on shifts lasting 5-6 hours, and second meal periods on shifts lasting more than 12 hours; and deducting 30 minutes from employees' time records for shifts lasting more than 12 hours as an "automatic" meal break deduction, even though most employees did not take the break. All of these uniform, unlawful, classwide practices and policies warrant certification of the meal break claim.

11.  **The reporting time pay claim:** There is a common, predominant question whether Schneider unlawfully caused employees to waive their right to reporting time pay. California law mandates that employers pay for "reporting time" when an employee "is not put to work or is furnished less than half said employee's usual or scheduled day's work." IWC Wage Order 9-2001 §5(A). Schneider has a uniform, classwide practice of asking employees to "volunteer" to leave before performing four hours of work without paying such "volunteers" reporting time pay.

[Proposed] Order Granting Plaintiffs' Unopposed Motion for
Preliminary Approval of Class Action Settlement;
Case No. CV 12-2188 CAS (DTBx)

Schneider did not disclose to these employees that by agreeing to leave early, they were waiving their right to reporting time pay under California law. Schneider's written policy did not inform employees that Schneider must pay them reporting time pay if it fails to provide half of their scheduled day's work, and that they may refuse to leave early unless Schneider pays them reporting time pay. Schneider admits that it engaged in this practice, but disputes that it is unlawful. Thus, the issue is appropriate for class certification because it may be resolved "in one stroke" on a classwide basis.

12. **The inaccurate record-keeping claim:** There is a common predominant question whether Schneider made unauthorized changes on a classwide basis to employee time records in violation of California's record-keeping requirements. Cal. Labor Code §1174(d); IWC Wage Order 9-2001 §7. Plaintiffs have presented evidence that Schneider's supervisors made extensive classwide changes to employee time records without their knowledge or authorization. The record-keeping claim is therefore appropriate for class certification.

13. **The derivative claims:** Plaintiffs' claims for penalties under the Private Attorneys General Act ("PAGA"), for waiting time penalties, for inaccurate wage statement penalties, and for violation of the Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*, are derivative of the claims set forth above, and therefore are appropriate for class certification as well.

14. Typicality is satisfied when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality is met when "[p]laintiffs' situations share a common issue of law or fact, and are sufficiently parallel to insure a vigorous and full presentation of all claims for relief." *Thompson v. Clear Channel Communs., Inc. (In re Live Concert Antitrust Litig.)*, 247 F.R.D. 98, 117 (C.D. Cal. 2007) (internal quotation marks and citation omitted). Here, the named plaintiffs have submitted declarations demonstrating that

their claims are typical of the proposed class, and the typicality requirement is therefore met.

15. The adequacy of the representation requirement is met so long as class counsel and class representatives "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "To determine whether the representation meets this standard, [a court] ask[s] two questions: (1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Here, there are no conflicts between the named parties and the class they seek to represent. Plaintiffs' counsel has extensive experience in wage-and-hour class actions and has vigorously investigated and litigated the class claims. Thus, the adequacy requirement of Rule 23(a)(4) is satisfied.

16. Plaintiffs have also satisfied the requirements of Fed. R. Civ. P. 23(b)(3). As set forth above, the Court finds that "the questions of law or fact common to class members predominate over any questions affecting only individual members." *Id*. In addition, a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent the class mechanism, hundreds of Schneider employees would have to file individual lawsuits, necessitating hundreds of different proceedings to resolve the same claims. This would be inefficient and a waste of judicial resources. The high cost of litigating these cases would dwarf any potential recovery for any individual defendant, and many employees would simply forgo vindicating their rights. For these reasons, the class action mechanism is superior to any alternatives, and plaintiffs meet the requirements of Rule 23(b)(3).

17. The Court confirms and appoints named plaintiffs Franklin Quezada, Victor Ramirez, Elizabeth Gutierrez and Walter Downing as class representatives for the Settlement Class.

18. The Court confirms and appoints Traber & Voorhees as Class Counsel for the Settlement Class.

19. The Court approves both the form and content of the proposed notice of settlement agreement ("Settlement Notice") and the Claim Form, attached as Exhibits 2 and 3 to the Declaration of Lauren Teukolsky in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.  The Court further finds that the regular mailing of the Settlement Notice and Claim Form to Class Members substantially meets the requirements of Fed. R. Civ. P. 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

20. The Court confirms and appoints RG2 ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of payments under the Settlement Agreement as more fully set forth in the Settlement Agreement. RG2's estimate of $14,500 to administer the claims in this case appears reasonable.

21. All members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

22. Class Counsel shall file their motion for attorneys' fees and expenses, and all supporting documentation and papers, not later than _____, 2013, which date shall be at least thirty (30) days before the deadline for Class Members to opt out of the Settlement Class, or submit objections to the Settlement Agreement.  The Court finds, as a preliminary matter, that plaintiffs' intention to request fees in the amount of $1.56 million, or 1/3 of the settlement amount, appears to be reasonable,

but will reserve final judgment until after reviewing plaintiffs' motion for attorneys' fees and expenses.

23. Plaintiffs intend to include in their motion for final approval a request that each of the four named plaintiffs be given service awards in the amount of $10,000 each. The Court finds on a preliminary basis that this amount is reasonable given that the total amount of the service awards ($40,000) is less than 1 percent of the settlement amount; the time and effort that the named plaintiffs have spent on this case; and the workplace ostracization and risk of retaliation that the three currently-employed named plaintiffs have experienced.

24. All Settlement Class Members will be bound by the final judgment dismissing the Action with prejudice unless they timely file a valid written request for exclusion ("opt out") in accordance with the Settlement Agreement.

25. Any person who desires to request exclusion from the Settlement Class shall do so by _____, 2014. All persons who submit valid and timely requests for exclusion in the manner set forth in the Settlement Notice shall have no rights under the Settlement Agreement, shall not share in the distribution of the Settlement, and shall not be bound by the Settlement Agreement or the final judgment entered in the Action.

26. Any member of the Settlement Class may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice. If the member does not enter an appearance, he or she will be represented by Class Counsel.

27. Any member of the Settlement Class may appear and object to the proposed settlement, the requested attorneys' fees and costs, and the requested service awards to the named plaintiffs. However, no member of the Settlement Class or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the judgment to be entered

thereon providing the same, or the attorneys' fees and expenses to be awarded to Plaintiffs' Counsel, or any enhancement awards, unless that person has filed with the Clerk of the U.S. District Court, Central District of California, a written objection, and served a copy of any papers by first class mail, at the addresses below, such that they are postmarked by _____, 2014:

| **Court** | **Parties' Counsel** |
|---|---|
| *Quezada v. Schneider Logistics Transloading and Distribution, Inc.*, Case No. 12-CV-2188 CAS (DTBx) United States District Court, Central District of California 312 N. Spring Street Los Angeles, CA 90012 | <u>Class Counsel</u><br>Lauren Teukolsky, Esq.<br>TRABER & VOORHEES<br>128 N. Fair Oaks Avenue<br>Pasadena, California 91103<br><br><u>Defense Counsel</u><br>Douglas J. Farmer, Esq.<br>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.<br>Steuart Tower, Suite 1300<br>One Market Plaza<br>San Francisco, CA 94105 |

28.  Any written objection should include the name and case number of the Action, and state that the person wishes to enter an appearance in the Action. Any written objection shall state each specific reason in support of the objection to Court approval of the Settlement Agreement, and any legal support for each objection. In addition, the objection should state the person's full name, address, and dates of employment with Defendant. Any member of the Settlement Class who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Settlement

[Proposed] Order Granting Plaintiffs' Unopposed Motion for
Preliminary Approval of Class Action Settlement;
Case No. CV 12-2188 CAS (DTBx)

Agreement, or to any award of attorneys' fees and/or expenses to Plaintiffs' Counsel, or to any service awards, unless otherwise ordered by the Court.

29. Class Members shall have an opportunity to challenge their estimated work weeks by explaining their disagreement on the Claim Form that they will be sent along with the Class Notice, and submitting any supporting documentation at the time.  The Claims Administrator has the authority to make a final, binding determination regarding any disputes about work weeks based on its evaluation of the evidence.  In the event that any disputes about work weeks remain, the Class Member may file with the Court a "Notice Challenging Work Week Calculation." To be valid and effective, any such challenge must be filed with the Clerk of the Court and served upon and the above-listed attorneys in the same manner as with an objection and postmarked no later than ___, 2013.  In the event the Court grants final approval to the Settlement, the Court will resolve any such disputes at that time.

30. If a Class Member files an objection to the terms of the Settlement, or a challenge to work week estimates, he may choose to represent himself or retain his or her own attorney (at his or her own expense) to represent him or her at the Fairness Hearing. To appear at the Fairness Hearing, he or she, or his or her attorney, must file an entry of appearance with the Clerk of the U.S. District Court, Central District of California, and deliver copies to Class Counsel, no later than ____, 2014. He or she will then continue as a Class Member either representing himself or herself or through his or her own attorney and will be solely responsible for the fees and costs of his or her attorney.

31. On or by ___, 2013, Class Members may access the First Amended Complaint and the Settlement Agreement at the Claims Administrator's settlement website.

32. On or by ____, 2013, plaintiffs' Motion for Attorneys' Fees and Costs shall be posted on the Claims Administrator's settlement website.

33. At or after the Fairness Hearing, the Court shall determine whether the Settlement Agreement, any application for attorneys' fees and expenses, and any service awards shall be approved.

34. All reasonable expenses incurred in identifying and notifying members of the Settlement Class, as well as administering the Settlement, shall be paid as set forth in the Settlement Agreement.

35. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The Court may approve the Settlement Agreement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

DATED: _____, 2013

_____
The Hon. Christina A. Snyder
U.S. District Court Judge