THERESA M. TRABER (SBN 116305)
LAUREN TEUKOLSKY (SBN 211381)
REBECCA PETERSON-FISHER (SBN 255359)
MARISA HERNANDEZ-STERN (SBN 272477)
Traber & Voorhees
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9611
Facsimile: (626) 585-1400
tmt@tvlegal.com
lt@tvlegal.com
rpf@tvlegal.com
msh@tvlegal.com

Attorneys for Plaintiffs Franklin Quezada, *et al.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| FRANKLIN QUEZADA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SCHNEIDER LOGISTICS TRANSLOADING & DISTRIBUTION, INC., et al.,<br><br>Defendants. | Case No. CV 12-2188 CAS (DTBx)<br><br>**DECLARATION OF MICHAEL J. LEE, CLAIMS ADMINISTRATOR, IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: May 12, 2014<br>Time: 10:00 am.<br>Judge: Hon. Christina A. Snyder |

Lee Declaration;
Case No. CV 12-2188 CAS (DTBx)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANKLIN QUEZADA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SCHNEIDER LOGISTICS TRANSLOADING & DISTRIBUTION, INC., et al., <br> Defendants. | Case No. CV 12-2188 CAS (DTBx) <br><br> CLASS ACTION <br><br> **DECLARATION OF MICHAEL J. LEE, CLAIMS ADMINISTRATOR** |

I, Michael J. Lee, hereby declare and state as follows:

1. I am the Chief Operating Officer of Claims Administration for RG/2 Claims Administration LLC ("RG/2 Claims"), whose address is 30 South 17th Street, Philadelphia, PA 19103. I am over the age of 18, have personal knowledge of the matters set forth herein, and if called upon to do so, could testify competently to them.

2. RG/2 Claims is a full service class action settlement administrator offering notice, claims processing, allocation, distribution, tax reporting, and class action settlement consulting services. RG/2 Claims' experience includes the provision of notice and administration services for settlements arising from antitrust, consumer fraud, civil rights, employment, negligent disclosure, and securities fraud allegations. Since 2000, RG/2 Claims has administered and distributed in excess of $600,000,000 in class action settlement proceeds.

3. On December 22, 2013, RG/2 Claims received eight electronic files from counsel which represented the list of the names and known contact information for the Class Members. Review of the data contained in the electronic files revealed there were 602 Class Members.

4. Prior to mailing the 602 Notice Packets, in order to locate the most recent addresses for Class Members, RG/2 Claims ran the Class Data list of 602 names and the addresses received from counsel through the United States Postal Service's National Change of Address database ("NCOA").

5. The following documents were translated to Spanish and posted to the website, www.schneidersettlement.com: Proposed Order Granting Preliminary Approval, Settlement Agreement and Release, Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement, Notice to Class of Proposed Settlement and Claim Form. The website went live on January 21, 2014.

6. On January 21, 2014, RG/2 Claims caused to be served by First Class U.S. Mail the *Notice of Proposed Settlement of Class Action* (referred to as the "Notice Packets") to the 602 Class Members. A true and correct copy of the Notice Packet is attached hereto as Exhibit "A".

7. After mailing the Notice Packets on January 21, 2014 and prior to the deadline of March 24, 2014, 60 Notice Packets were returned by the United States Postal Service as undeliverable. Twenty-two of these Notice Packets included a forwarding address provided by the United States Postal Service. RG/2 Claims mailed new Notice Packets to the twenty-two Class Members for whom an updated address were located, as well as the twenty-two Class Members with a forwarding address provided by the United States Postal Service. There were sixteen Class Members whose Notice Packet were returned for which no new address was located.

8. On February 28, 2014, RG/2 Claims issued reminder postcards in English and Spanish to 199 class members who had not yet filed claims.

9. RG/2 Claims has not received any opt-outs or objections in this matter.

10. As of April 11, 2014, RG/2 Claims has received 518 claims. Ten of these claims were received after the deadline of March 24, 2014.

11. As of March 31, 2014, RG/2 Claims has incurred $18,549.56 in fees and costs and there will be additional costs for distribution, calculating tax payments, and responding to

inquiries. These costs and estimates are, in my experience, reasonable and expected, as are the expected additional amounts, which should reflect settlement notice and administrative expenses totaling $24,800.

12. Fees and expenses related to the settlement administration in this matter were greater than originally estimated due to: increased translation costs, larger than estimated phone call volume from inquiring class members, and additional project management costs associated with the calculation of damages. While our initial estimate included translation costs related to the translation of class Notice Packet materials, it did not include the translation costs for all the documents listed below. In order to provide all Class Members with equal access to information regarding the case, Counsel requested the translation of the Proposed Order Granting Preliminary Approval, the Settlement Agreement and Release, and the Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement, all of which were posted to the settlement website. To date, RG/2 Claims has received more than 200 phone calls from Class Members which was in excess of our original estimate. RG/2 Claims also invested additional and unexpected project management time devoted to distilling and analyzing eight spreadsheets of raw data which were used to calculate the prorated settlement payments in this case. As part of our quality control review of the data, RG/2 Claims was able to work with Counsel to ensure that the class member data resulted in accurate and reliable damage computations for the class.

13. I further declare under penalty of perjury pursuant to the laws of the State of California that the above is true and correct and that this declaration was executed on April 11, 2014 at Philadelphia, Pennsylvania.

_____
Michael J. Lee

3

# EXHIBIT A

«MailCode»
«FirstName» «LastName»
«Street» «Street2»
«City», «State» «Zip»

---

**Quezada, et al. v. Schneider Logistics and Transloading Distribution, Inc.**
Case No. CV 12-2188 CAS (DTBx)
The Honorable Christina A. Snyder

---

### NOTICE TO CLASS OF PROPOSED SETTLEMENT

To: All hourly employees who currently work or worked for Schneider Logistics Transloading and Distribution, Inc. ("Schneider") at its Mira Loma (Eastvale) facility, and who have been subject to an alternative workweek schedule at any time from March 15, 2008 through December 3, 2013 (in this Notice called "Class Members").

### READ THIS NOTICE --- YOU MAY BE ENTITLED TO MONEY

You may be entitled to money from a settlement of a class action lawsuit against Schneider. You are not being sued. Schneider is being sued by four employees, Franklin Quezada, Elizabeth Gutierrez, Victor Ramirez, and Walter Downing, who are called "the Plaintiffs" in this Notice. The parties have reached an agreement, called a "settlement." The settlement says that Schneider will pay $4.7 million in exchange for the Plaintiffs ending the lawsuit. **TO GET MONEY FROM THE SETTLEMENT YOU MUST COMPLETE AND SEND IN THE CLAIM FORM INCLUDED WITH THIS NOTICE BY MARCH 24, 2014.**

If you do not file a Claim Form by this date, you will lose your right to receive money. *Schneider may not retaliate against you for getting money from the settlement, and may not reward you for excluding yourself from the settlement.*

### WHY SHOULD YOU READ THIS NOTICE?

This Notice tells you about your rights. By reading this notice, you will learn how to file a Claim Form to get money. This Notice also tells you how to remove yourself from the settlement if you do not want to be a part of it. If you do not want to be a part of the settlement, you will not get any money from this settlement but you will preserve your right to sue Schneider on your own if you want to. Finally, this Notice tells you how you can tell the Court if you disagree with the settlement without losing your right to get money from it.

### WHAT IS THE LAWSUIT ABOUT?

On March 15, 2012, the Plaintiffs filed a lawsuit against Schneider in federal court in the Central District of California. The Lawsuit alleges that Schneider held an invalid alternative workweek schedule ("AWS") election in June 2008, and improperly implemented the AWS by failing to provide employees with a regular schedule of four 10-hour workdays. This resulted in employees not being paid proper overtime wages. The Lawsuit also claims that Schneider failed to pay proper reporting time pay, did not provide employees with proper meal and rest breaks, improperly deducted 30 minutes for meal periods on days that employees worked shifts of more than 12 hours, failed to keep accurate time and pay records, failed to provide employees with accurate pay stubs, and failed to pay all wages due to employees upon termination or resignation. The Plaintiffs brought the lawsuit on behalf of themselves, and also on behalf of other employees who worked in the Eastvale warehouses, and who were subject to the AWS ("Class Members"). The Court has certified this case as a class action lawsuit for purposes of settlement. The Lawsuit sought monetary compensation, penalties, injunctive and declaratory relief, attorneys' fees and costs.

Schneider denies all of the allegations in the Lawsuit, and denies that it did anything wrong. However, the parties have agreed to settle the Lawsuit to avoid further expense and the risks of litigation.

## WHAT DOES THE SETTLEMENT AGREEMENT SAY?

**The agreement says that Schneider will pay $4,700,000 and Plaintiffs will end their lawsuit.** Out of that amount,

- Approximately $14,500 will be used to pay the Claims Administrator, who will review your claims, calculate your payment, and send you your check.
- $5,000 will be paid to the Labor Workforce Development Agency, the government agency responsible for making sure employers follow the law.
- The Court will decide how much to pay the Plaintiffs for their time and effort in bringing this lawsuit in addition to any other award they get from this settlement, but it will be no more than $10,000 each.
- The Court will decide how much to pay the Plaintiffs' attorneys for the costs of bringing this lawsuit, which are estimated to be about $48,000.
- The Court will also decide the amount of attorneys' fees to be awarded to the Plaintiffs' attorneys, who are asking for $1,560,000 (or 1/3 of the settlement amount).

AN ESTIMATED $3,032,500 WILL BE DIVIDED BETWEEN CLASS MEMBERS WHO SEND IN THE CLAIM FORM INCLUDED WITH THIS NOTICE.

Based on pay records, about 568 Class Members can participate in the settlement.

Before anyone can be paid, the Court must approve the settlement terms. Once the Court gives its final approval, the settlement will resolve these claims for every Class Member who does not remove himself or herself from the settlement. Class Members who do not remove themselves will lose their right sue Schneider separately for these claims, even if they do not return a Claim Form.

## HOW DO I GET MONEY FROM THE SETTLEMENT?

To get money from this settlement, you must fill out and sign the Claim Form included with this Notice. **YOU MUST SEND IN A COMPLETE, SIGNED CLAIM FORM NO LATER THAN MARCH 24, 2014 TO GET MONEY.** The completed and signed Claim Form must be mailed to the Claims Administrator, postmarked no later than March 24, 2014. The mailing address of the Claims Administrator is:

>Quezada v. Schneider Claims Administrator
>RG/2 Claims Administration LLC
>PO Box 59479
>Philadelphia, PA 19102-9479

Additional information is also at **www.schneidersettlement.com**.

## HOW MUCH MONEY WILL I GET?

Class Members who make claims will share approximately $3,032,500 based on the length of time each Class Member worked at Schneider. Based on our preliminary calculations, you are entitled to receive approximately $«EstPmt». This estimated amount may change depending on the number of Class Members who file claims.

## WHAT ARE THE OTHER TERMS OF THE SETTLEMENT?

Schneider has also agreed to the following terms in the Settlement:

- **Termination of the Alternative Workweek Schedule**: The Court will enter an order ending the alternative workweek schedule as of February 1, 2014. Class Members will then work a "normal" schedule of five 8-hour workdays, which will not be subject to the rules regulating alternative workweek schedules.
- **Changes to Employee Time Records**: Schneider will implement a new policy about how managers can make changes to employee time records. Under the new policy, only certain personnel may make changes; changes must be supported by proper documentation; employees have a right to access their time records on request; and employees can request access to video footage to help resolve disputes about the hours they worked.
- **Overtime Pay Waivers**: Schneider will stop using any forms for waiving overtime pay.

- **Fair System for Lack of Work Days**: Schneider will start using a new and objective system for selecting employees for reduced hours when there is not enough work for everyone to work a full 40-hour week.
- **Meal and Rest Break Policies**: Schneider will comply with its new written meal and rest break policies, including that employees should take breaks even when they are not announced over the loudspeaker.
- **Reporting Time Pay**: Under a new policy, if Schneider asks employees to volunteer to leave before performing half of their usual or scheduled days' work, employees will have to sign a new form explaining that if they agree to leave, they are giving up their right to receive reporting time pay under California law. If employees do not want to leave early, they cannot be required to unless Schneider pays reporting time pay.

## WHAT IF I DO NOT WANT TO BE PART OF THE SETTLEMENT?

If you do not want to participate in this settlement, you must tell the Claims Administrator in writing of your decision to "opt-out" of the settlement. **If you "opt-out," you will not get any money from the settlement, but you will not be bound by the terms of the settlement either.** This means that you will preserve your rights to sue Schneider for these claims on your own. If you do not opt-out of the settlement, you will be bound by its terms even if you do not return a Claim Form and even if you do not receive any money. This means you will not be able to sue Schneider for these claims on your own.

Any request to opt-out of the settlement must be sent to the Claims Administrator and postmarked no later than March 24, 2014. The opt-out request should state: "I EXERCISE MY RIGHT TO OPT-OUT OF THE CLASS ACTION LAWSUIT KNOWN AS *QUEZADA V. SCHNEIDER LOGISTICS*, CASE NO. CV 12-2188. I UNDERSTAND THAT BY OPTING OUT I WILL NOT BE AWARDED ANY MONEY FROM THE CLASS ACTION SETTLEMENT OF THIS LAWSUIT, BUT THAT I AM PRESERVING ANY RIGHTS I WOULD OTHERWISE HAVE TO SUE SCHNEIDER FOR THE CLAIMS MADE IN THE LAWSUIT." Your opt-out request must also include your full name, your current address, the date, and your signature.

Send the opt-out request directly to the Claims Administrator at the following address:

> Quezada v. Schneider Claims Administrator
> RG/2 Claims Administration LLC
> PO Box 59479
> Philadelphia, PA 19102-9479

## WHAT IF I DON'T AGREE WITH THE SETTLEMENT?

If you do not agree with the settlement, including the amount of attorneys' fees, you must send an objection to the Claims Administrator saying why you object to the settlement postmarked no later than March 24, 2014. If you do not "opt out" you may object and still get money if the Court approves the settlement. If you do not "opt-out" you may also, if you wish, appear at the Settlement Fairness Hearing set for May 12, 2014 at 10:00 a.m. in Courtroom 5 of the Central District Courthouse, 312 N. Spring St., Los Angeles, CA 90012, and discuss your objection with the Court and the parties. You may also hire your own attorney, and that attorney can appear on your behalf at the Settlement Fairness Hearing.

To be valid, your objection must contain the following information: (1) your full name, current address, telephone number, and signature, (2) your objections to the settlement, (3) the reasons for your objections, (4) whether you plan to come to the Settlement Fairness Hearing, (5) if you plan to bring an attorney to the Settlement Fairness Hearing, the name of your attorney, (6) a list of any objections that you or your attorney have submitted to any class action settlement in any court in the United States within the last five years, or a statement that neither you nor your attorney have objected to any class action settlement in a court in the United States within the last five years. Your objection should be mailed to the Claims Administrator at the following address:

> Quezada v. Schneider Claims Administrator
> RG/2 Claims Administration LLC
> PO Box 59479
> Philadelphia, PA 19102-9479

IF YOU INTEND TO OBJECT TO THE SETTLEMENT, BUT ALSO WISH TO RECEIVE MONEY FROM THE SETTLEMENT, YOU STILL <u>MUST</u> FILE YOUR CLAIM FORM BY March 24, 2014. IF THE COURT APPROVES THE SETTLEMENT DESPITE ANY OBJECTIONS AND YOU HAVE NOT RETURNED YOUR CLAIM FORM, YOU WILL NOT RECEIVE ANY MONEY FROM THE SETTLEMENT.

## WHO ARE THE ATTORNEYS?

<u>Class Counsel: Address, Phone and Fax</u>

LAW OFFICES OF TRABER & VOORHEES
128 North Fair Oaks Avenue
Pasadena, California 91103
Phone:  (626) 585-9611
Fax:      (626) 585-1400

<u>Class Counsel: Names of Attorneys</u>

Theresa M. Traber
Lauren Teukolsky
Marisa Hernández-Stern (Spanish-speaking)

## WHO IS THE CLAIMS ADMINISTRATOR?

The Claims Administrator processes all claims, calculates each Class Members' settlement award, and processes Class Members' requests to be excluded from the settlement.  The Claims Administrator in this case is RG2 and can be reached at the following address:

> Quezada v. Schneider Claims Administrator
> RG/2 Claims Administration LLC
> PO Box 59479
> Philadelphia, PA 19102-9479
> ph:   (215) 979-1620
> fax:  (215) 979-1695

Contact the Claims Administrator for more information or to ask about the status of your claim form.  Additional information is also at **www.schneidersettlement.com**.

## OTHER IMPORTANT INFORMATION

There is a document called the "Settlement Agreement" that explains the entire agreement between the parties in detail.  You may request a copy of the Settlement Agreement from the Claims Administrator, or go to **www.schneidersettlement.com**.

**This Notice only summarizes the lawsuit, the settlement, and related matters.  For more information, you may inspect the Court files at the Office of the Clerk, 312 N. Spring Street, Room G-8, from 8:30 a.m. to 4:00 p.m., Monday through Friday.**

**PLEASE DO NOT CONTACT THE COURT FOR INFORMATION ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS. IF YOU HAVE QUESTIONS, YOU MAY CONTACT THE PLAINTIFFS' ATTORNEYS, FREE OF CHARGE.**

# CLAIM FORM

IF YOU WANT TO RECEIVE YOUR SHARE OF THIS CLASS ACTION SETTLEMENT, **COMPLETE, SIGN,** AND **MAIL** THIS FORM NO LATER THAN **MARCH 24, 2014**.

        Mail to: Quezada v. Schneider Claims Administrator
                   RG/2 Claims Administration LLC
                   PO Box 59479
                   Philadelphia, PA 19102-9479

*Claim forms postmarked later than March 24, 2014 will not be accepted.*

---

Quezada v. Schneider Logistics Transloading and Distribution, Inc., Case No. 12-2188
United States District Court, Central District of California

**A. YOUR IDENTIFICATION INFORMATION**

Is this your correct name and address?

> «MailCode»
> «FirstName» «LastName»
> «Street» «Street2»
> «City», «State» «Zip»

If not, write in your correct name and address here:

Please provide a telephone number so we can reach you: ( \_\_\_ \_\_\_ \_\_\_ ) \_\_\_ \_\_\_ \_\_\_ - \_\_\_ \_\_\_ \_\_\_ \_\_\_

The Social Security Number that we have for you is: «SSNFormatted»

If this is *incorrect*, please enter your correct Social Security Number or Tax Identification Number here:

SSN or TIN: _____

**B. THE AMOUNT OF TIME YOU WORKED AT SCHNEIDER**

The amount of money you get from this settlement depends on how many weeks you worked at Schneider during the "Class Period," which is from March 15, 2008 to December 3, 2013. According to our records, your start date and end date (if applicable) at Schneider is as follows:

Start Date: «Hire_Date»   End Date: «Term_Data».

Please note that if you started working for Schneider *before* March 15, 2008, this time will not be taken into account for purposes of calculating your work weeks. Similarly, if you worked for Schneider *after* December 3, 2013, this time will also not be taken into account. Only time worked during the Class Period will be counted for purposes of calculating your settlement amount.

We are going to **subtract** from your work weeks the amount of time you took for any leaves of absence (such as family leave or medical leave), as well as the amount of time you *accrued* (but not took) for vacation or flex time, per the Associate Resources Guide.

Our records show that, during the Class Period, you took **«Leave»** days for leaves of absence.

Our records show that, during the Class Period, you accrued **«Vacation»** days for vacation and flex time.

Once we subtract this time, the total number of work weeks that you worked during the Class Period is **«WorkWeeks»**.

If you believe that any of this information is incorrect, explain your disagreement in the box below, and include any supporting documentation when you mail back this Claim Form.

[ ]

### C. SUBMISSION TO COURT JURISDICTION AND AGREEMENT WITH SETTLEMENT

By signing this form, you agree to the following statement:

I have received the Notice of Class Action Settlement. I submit this Proof of Claim under the terms of the Proposed Settlement described in the Notice. I also submit to the jurisdiction of the United States District Court with respect to my claim as a class member and for purposes of enforcing the release of claims stated in the Settlement Agreement. The full and precise terms of the proposed settlement are contained in the Settlement Agreement filed with the Court. I further acknowledge that I am bound by the terms of any Court judgment that may be entered in this class action. I agree to provide additional information to support any of my claim(s) if required to do so.

### D. QUESTIONS ABOUT THIS FORM

If you have any questions about this Claim Form or how to properly submit your claim, please contact:

Quezada v. Schneider Claims Administrator
RG/2 Claims Administration LLC
PO Box 59479
Philadelphia, PA 19102-9479
ph: (215) 979-1620
fax: (215) 979-1695

Additional information is at www.schneidersettlement.com.

### E. DECLARATION UNDER PENALTY OF PERJURY

*If you do not sign below, you will not receive money from this settlement.*

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing information, and any additional information that I have submitted in connection with my claim, is true and correct.

Executed on _____ at _____, _____.
                 Date                                    City                         State

_____
Signature of Claimant

Name (print): _____

END OF CLAIM FORM

---

**Quezada et al. v. Schneider Logistics and Transloading Distribution, Inc.**
Caso No. CV 12-2188 CAS (DTBx)
Honorable Christina A. Snyder

---

### AVISO A LA COLECTIVIDAD DEL CONVENIO TRANSACCIONAL QUE SE HA PROPUESTO

A:   Todos los empleados actuales y ex empleados por hora que han trabajado con Schneider en sus instalaciones de Mira Loma (Eastvale) y que han estado sujetos a un horario de semana laboral alternativa en algún momento desde el 15 de marzo de 2008 hasta 03 de diciembre de 2013 (llamados en este Aviso los "Miembros de la Colectividad".

### LEA ESTE AVISO --- PUDIERA TENER DERECHO A RECIBIR DINERO

Pudiera usted tener derecho a recibir dinero por el arreglo transaccional de una acción colectiva contra Schneider. No se le ha demandado a usted. Schneider ha sido demandada por cuatro empleados, Franklin Quezada, Elizabeth Gutiérrez, Víctor Ramirez, y Walter Downing, a los que se les llama "los Demandantes" en este Aviso. Las partes han llegado a un acuerdo, conocido como un "arreglo transaccional". El arreglo transaccional dice que Schneider pagará $4.7 millones a cambio de que los Demandantes poner fin al pleito. **PARA RECIBIR DINERO POR EL ARREGLO TRANSACCIONAL, TIENE USTED QUE LLENAR Y DEVOLVER EL FORMULARIO DE RECLAMACIÓN ADJUNTO A ESTE AVISO A MÁS TARDAR 24 DE MARZO DE 2014.**

Si usted no presenta un Formulario de Reclamación antes de esta fecha, perderá su derecho a recibir dinero. *Schneider no podrá tomar represalias contra usted por haber recibido dinero por el arreglo transaccional, ni recompensarle por excluirse del arreglo.*

### ¿POR QUÉ DEBE LEER USTED ESTE AVISO?

Este Aviso le informa de sus derechos. Si lo lee, se enterará de cómo presentar un Formulario de Reclamación para recibir dinero. Este aviso también le explica cómo excluirse del arreglo transaccional si no desea ser parte de él. Si no desea ser parte del arreglo transaccional, no recibirá dinero por este arreglo, pero conservará su derecho de demandar a Schneider por su cuenta, si quisiera hacerlo. Por último, este Aviso le explica cómo indicarle al Tribunal que usted no está de acuerdo con el arreglo transaccional sin perder su derecho de recibir dinero por él.

### ¿DE QUÉ TRATA EL PLEITO?

El 15 de marzo de 2012, los Demandantes archivaron una demanda contra Schneider en el tribunal federal del Distrito Central de California. La Demanda alega que Schneider celebró elecciones inválidas para un horario semanal laboral alternativo (el "HSLA") en junio de 2008 y que puso el HSLA en vigor indebidamente al no darles a los empleados un horario regular de cuatro días laborales de 10 horas, con el resultado de que a los empleados no se les pagaron las horas extraordinarias apropiadas. La Demanda también alega que Schneider no pagó el tiempo de presencia apropiado, no les dio a los empleados el tiempo apropiado de descanso y períodos de descanso para comer, les descontó indebidamente 30 minutos por tiempo para comer cuando los empleados trabajaban turnos de más de 12 horas, no llevó registros precisos de tiempo y sueldo, no les dio talones de sueldos a los empleados como es debido, y no les pagó todos sus sueldos a los empleados que fueron despedidos o que renunciaron. Los Demandantes entablaron la Demanda en nombre propio y también en nombre de otros empleados que trabajaron en los bodegas de Eastvale y que estuvieron sujetos al HSLA (los "Miembros de la Colectividad"). El Tribunal ha certificado que este caso es una acción colectiva a los efectos de un arreglo transaccional. La Demanda reclamaba compensación monetaria, multas, prohibiciones y reparaciones declarativas, así como honorarios y costos de abogados.

Schneider niega todas las alegaciones que se hacen en la Demanda, y niega haber hecho nada incorrecto. Sin embargo, las partes han acordado llegar a un arreglo transaccional de este Demanda para evitar más gastos y el riesgo que supone un litigio.

### ¿QUÉ DICE EL CONVENIO DE ARREGLO TRANSACCIONAL?

**El convenio dice que Schneider pagará $4,700,000 y que los Demandantes pondrán fin a su pleito.** De esa cantidad,

- Unos $14,500, aproximadamente, se utilizarán para pagarle al Administrador de Reclamaciones que revisará sus reclamaciones, calculará su pago, y le enviará su cheque.
- $5,000 se le pagarán a la Agencia de Fomento de la Fuerza Laboral, la dependencia gubernamental responsable de velar por que los empleadores observen la ley.
- El Tribunal decidirá cuánto pagarles a los Demandantes por el tiempo y el esfuerzo que invirtieron en entablar este pleito, además de cualquier otro pago que reciban por este arreglo transaccional, pero no será más de $10,000 cada uno.
- El Tribunal decidirá cuánto pagarles a los Abogados de los Demandantes por los costos de entablar este pleito, que se estima ascenderán a unos $48,000.
- El Tribunal también decidirá el monto de los honorarios que se les pagarán a los abogados de los Demandantes, que han pedido $1,560,000 (o ⅓ del monto del arreglo transaccional).

**SE ESTIMA QUE $3,032,500 SE DIVIDIRÁN ENTRE LOS MIEMBROS DE LA COLECTIVIDAD QUE DEVUELVAN EL FORMULARIO DE RECLAMACIÓN ADJUNTO A ESTE AVISO.**

Según los registros de la nómina, unos 568 Miembros de la Colectividad pueden participar del arreglo transaccional.

Antes que se le pueda pagar a nadie, es preciso que el Tribunal apruebe los términos del arreglo transaccional. Una vez que el Tribunal le imparta su aprobación definitiva, el arreglo transaccional resolverá las reclamaciones de todos los Miembros de la Colectividad que no se excluyan de éste. Los Miembros de la Colectividad que no se excluyan del arreglo transaccional perderán el derecho de demandar a Schneider por separado por estas reclamaciones, aun cuando no devuelvan el Formulario de Reclamación.

### ¿CÓMO RECIBO YO DINERO POR EL ARREGLO TRANSACCIONAL?

Para recibir dinero por este arreglo transaccional, debe usted llenar y firmar el Formulario de Reclamación adjunto a este Aviso. **PARA RECIBIR DINERO, DEBE USTED ENVIAR UN FORMULARIO DE RECLAMACIÓN COMPLETO Y FIRMADO A MÁS TARDAR EL 24 DE MARZO DE 2014**. El Formulario de Reclamación completo y firmado debe enviársele al Administrador de Reclamaciones matasellado a más tardar 24 de Marzo de 2014. La dirección postal del Administrador de Reclamaciones es:

> Quezada v. Schneider Claims Administrator
> RG/2 Claims Administration LLC
> P.O. Box 59479
> Philadelphia, PA 19102-9479

También puede encontrar más información en **www.schneidersettlement.com**.

### ¿CUÁNTO DINERO RECIBIRÉ?

Los Miembros de la Colectividad que formulen reclamaciones compartirán $3,032,500, aproximadamente, basado en el tiempo que cada uno de ellos trabajó con Schneider. De acuerdo con nuestros cálculos preliminares, usted tiene derecho a recibir $«EstPmt», aproximadamente. Este estimado pudiera cambiar dependiendo del número de Miembros de la Colectividad que presenten reclamaciones.

### ¿CUÁLES SON LOS OTROS TÉRMINOS DEL ARREGLO TRANSACCIONAL?

Schneider también ha convenido en los siguientes términos del Arreglo Transaccional:

- Terminación del Horario Laboral Semanal Alternativo: El Tribunal registrará un mandamiento que da por terminado el horario laboral semanal alternativo a partir del 1 de febrero de 2014. Los Miembros de la Colectividad trabajarán entonces un horario "normal" de cinco días laborales de ocho horas, que no estará sujeto a las reglas que rigen los honorarios laborales semanales alternativos.
- Cambios a los registros de tiempo de los empleados: Schneider pondrá en vigor una nueva política sobre la manera en que los gerentes pueden hacer cambios a los registros de tiempo de los empleados. De acuerdo con esa nueva política, únicamente ciertos miembros del personal podrán hacer cambios; los cambios deberán estar respaldados por la documentación apropiada; los empleados tienen derecho a tener acceso a sus registros de tiempo si lo solicitan; y los empleados pueden pedir ver secciones de videos para resolver disputas en torno a las horas que trabajaron.
- Desistimiento de sueldo por horas extraordinarias: Schneider terminará utilizando formularios de desistimiento de sueldo por horas extraordinarias.
- Sistema justo para los días en que falte el trabajo: Schneider comenzará a utilizar un sistema nuevo y objetivo para escoger empleados para que trabajen menos horas cuando no hay trabajo suficiente para que todos puedan trabajar una semana completa de 40 horas.
- Políticas paralosl tiemposde comida y descanso: Schneider cumplirá con sus nuevas políticas escritas relativas al tiempo de descanso y de comer, inclusive la disposición de que los empleados deben tomar esos períodos aun cuando no se les anuncie por los altoparlantes.
- Pago por tiempo de presencia: De acuerdo con una nueva política, si Schneider pide que empleados se marchen voluntariamente antes de realizar la mitad del trabajo acostumbrado o programado del día, los empleados tendrán que firmar un nuevo formulario que explique que, si aceptan marcharse, renuncian a su derecho de recibir pago por el tiempo de presencia de acuerdo con las leyes de California. Si los empleados no desean marcharse temprano, no se les puede obligar a hacerlo a menos que Schneider les pague por su tiempo de presencia.

### ¿QUÉ SUCEDE SI NO QUIERO SER PARTE DEL ARREGLO TRANSACCIONAL?

Si no desea ser parte de este arreglo transaccional, debe informarle usted por escrito al Administrador de Reclamaciones de su decisión de excluirse del arreglo. **Si se excluye, no recibirá usted dinero alguno por el arreglo transaccional, pero tampoco estará obligado por sus términos**. Esto quiere decir que usted conservará el derecho de demandar a Schneider por su cuenta por estas reclamaciones. Si no se excluye del arreglo transaccional, quedará obligado usted por sus términos, aun cuando no devuelva el Formulario de Reclamación y aun cuando no reciba dinero alguno. Esto significa que no podrá demandar a Schneider por su cuenta por estas reclamaciones.

Toda solicitud de excluirse del arreglo transaccional deberá enviársele al Administrador de Reclamaciones, matasellada a más tardar el 24 de Marzo de 2014. La solicitud de exclusión debe rezar así: "EJERZO MI DERECHO DE EXCLUIRME DE LA ACCIÓN COLECTIVA CONOCIDA COMO QUEZADA CONTRA SCHNEIDER LOGISTICS, CASO No. CV 12-2188. ENTIENDO QUE AL EXCLUIRME NO SE ME CONCEDERÁ DINERO ALGUNO DEL ARREGLO TRANSACCIONAL DE ESTA ACCIÓN COLECTIVA, PERO QUE ME RESERVO LOS DERECHOS QUE PUDIERA TENER DE DEMANDAR A SCHNEIDER POR LAS RECLAMACIONES QUE SE FORMULAN EN LA ACCIÓN". Su solicitud de exclusión debe incluir también su nombre completo y dirección actual, la fecha y su firma.

Envíe la solicitud de exclusión directamente al Administrador de Reclamaciones a la dirección siguiente:

> Quezada v. Schneider Claims Administrator
> RG/2 Claims Administration LLC
> P.O. Box 59479
> Philadelphia, PA 19102-9479

## ¿QUÉ SUCEDE SI NO ESTOY DE ACUERDO CON EL ARREGLO TRANSACCIONAL?

Si no está de acuerdo con el arreglo transaccional o con el monto de los honorarios de los abogados, debe hacerle llegar su objeción al Administrador de Reclamaciones y decirle que objeta usted al arreglo transaccional a más tardar el 24 de Marzo de 2014. Si no se excluye, puede objetar y recibir dinero si el Tribunal aprueba el arreglo transaccional. Y si no se excluye, también puede presentarse en la Audiencia Final que se ocurrirá el 12 de Mayo de 2014 a las 10:00 a.m. in la Sala 5 del Edificio de los Tribunales del Distrito Central, 312 N. Spring St., Los Angeles, CA 90012, y discutir su objeción con el Tribunal y con las partes. También puede contratar su propio abogado y ese abogado puede aparecer en nombre de usted en la Audiencia Final.

Para que sea válida, su objeción deberá contener la siguiente información: (1) su nombre completo, dirección actual, número de teléfono, y firma; (2) las objeciones al arreglo transaccional; (3) las razones de sus objeciones; (4) si se propone usted asistir a la Audiencia Final; (5) si se propone llevar un abogado a la Audiencia Final y, en tal caso, el nombre de ese abogado; (6) una lista de las objeciones que usted o su abogado ha formulado a cualquier arreglo transaccional de alguna acción colectiva en un tribunal de los Estados Unidos durante los últimos cinco años, o una declaración de que ni usted ni su abogado ha objetado a ningún arreglo transaccional de alguna acción colectiva en un tribunal de los Estados Unidos durante los últimos cinco años. Debe enviar su objeción por correo al Administrador de Reclamaciones a la dirección siguiente:

> Quezada v. Schneider Claims Administrator
> RG/2 Claims Administration LLC
> P.O. Box 59479
> Philadelphia, PA 19102-9479

SI USTED SE PROPONE OBJETAR AL ARREGLO TRANSACCIONAL PERO TAMBIÉN DESEA RECIBIR DINERO POR EL ARREGLO, TIENE QUE PRESENTAR SU FORMULARIO DE RECLAMACIÓN A MÁS TARDAR EL 24 DE MARZO DE 2014. SI EL TRIBUNAL APRUEBA EL ARREGLO TRANSACCIONAL A PESAR DE LAS OBJECIONES QUE SE LE HAYAN FORMULADO Y USTED NO HA DEVUELTO SU FORMULARIO DE RECLAMACIÓN, NO RECIBIRÁ DINERO ALGUNO POR EL ARREGLO TRANSACCIONAL.

## ¿QUIÉNES SON LOS ABOGADOS?

**Abogados de la Colectividad: Dirección, teléfono y fax**

LAW OFFICES OF TRABER & VOORHEES
128 North Fair Oaks Avenue
Pasadena, California 91103
Phone: (626) 585-9611
Fax: (626) 585-1400

**Abogados de la Colectividad: Nombres de las abogadas:**

Theresa M. Traber
Lauren Teukolsky
Marisa Hernández-Stern (habla español)

## ¿QUIÉN ES EL ADMINISTRADOR DE RECLAMACIONES?

El Administrador de Reclamaciones tramita todas las reclamaciones, calcula el pago que le corresponde a cada Miembro de la Colectividad, y tramita las solicitudes de los Miembros de la Colectividad de que ese les excluya del arreglo transaccional. El Administrador de Reclamaciones en este caso es RG2, y sus señas son las siguientes:

> Quezada v. Schneider Claims Administrator
> RG/2 Claims Administration LLC
> P.O. Box 59479
> Philadelphia, PA 19102-9479
> tel: (215) 979-1620
> fax: (215) 979-1695

Comuníquese con el Administrador de Reclamaciones si desea más información o si quiere preguntar en qué situación se encuentra su formulario de reclamación. También puede obtener más información acudiendo a **www.schneidersettlement.com**.

## OTRA INFORMACIÓN IMPORTANTE

Hay un documento llamado el "Convenio de Arreglo Transaccional" que explica todo el convenio entre las en detalle. Puede pedirle una copia del Convenio del Arreglo Transaccional al Administrador de Reclamaciones o visitar a **www.schneidersettlement.com**.

Este Aviso meramente resume la demanda, el arreglo transaccional, y otros asuntos relacionados con ellos. Si desea más información, puede examinar usted los archivos del Tribunal en el despacho del Secretario del Tribunal, 312 N. Spring Street, Sala G-8, de 8:30 a.m. a 4:00 p.m., de lunes a viernes.

**POR FAVOR NO SE PONGA EN CONTACTO CON EL TRIBUNAL PARA PEDIR INFORMACIÓN SOBRE ESTE ARREGLO TRANSACCIONAL NI SOBRE LA TRAMITACIÓN DE LAS RECLAMACIONES. SI USTED TIENE PREGUNTAS, PUEDE COMUNICARSE SIN COSTO CON LOS ABOGADOS DE LOS DEMANDANTES.**

# FORMULARIO DE RECLAMACIÓN

SI DESEA RECIBIR SU PARTE QUE LE CORRESPONDE DEL ARREGLO TRANSACCIONAL DE ESTE PLEITO, **LLENE, FIRME, Y ENVÍE POR CORREO** ESTE FORMULARIO A MÁS TARDAR EL **24 DE MARZO DE 2014**.

        Envíelo por correo a:    Quezada v. Schneider Claims Administrator
                                       RG/2 Claims Administration LLC
                                       P.O. Box 59479
                                       Philadelphia, PA 19102-9479

*No se aceptarán formularios de reclamación que estén matasellados después del 24 De Marzo DE 2014.*

---

*Quezada v. Schneider Logistics Transloading and Distribution, Inc.*, Caso No. 12-2188
Tribunal de Distrito de los Estados Unidos, Distrito Central de California

**A. SUS DATOS DE IDENTIFICACIÓN**

¿Son éstos su nombre y dirección correctos?

> «MailCode»
> «FirstName» «LastName»
> «Street» «Street2»
> «City», «State» «Zip»

Si no lo son, escriba aquí el nombre y la dirección correctos:

Denos un número de teléfono donde podamos localizarle:  ( ___ ___ ___ )  ___ ___ ___ -- ___ ___ ___ ___

El número de Seguro Social que tenemos para usted es:  «SSNFormatted»

Si este número es *incorrecto*, indique a continuación su número correcto de Seguro Social o de Identificación Fiscal (TIN):

SSN o TIN: _____

**B. EL TIEMPO QUE TRABAJÓ EN SCHNEIDER**

La cantidad de dinero que reciba de este arreglo transaccional depende del número de semanas que trabajó en Schneider durante el "Período de la Colectividad", que va desde el 15 de marzo de 2008 hasta el 03 de diciembre de 2013. Según nuestros archivos, la fecha en que comenzó a trabajar con Schneider y la fecha en que dejó de trabajar (si ya no trabaja) son las siguientes

Fecha de comienzo:   «Hire_Date»    Fecha de terminación:   «Term_Data»

Tenga presente que si comenzó a trabajar con Schneider *antes* del 15 de marzo de 2008, ese tiempo no se tomará en cuenta para calcular sus semanas de trabajo. Del mismo modo, si trabajó usted con Schneider *después* del 03 de diciembre de 2013, ese tiempo tampoco se tomará en cuenta. Para calcular la cantidad del arreglo transaccional que le corresponde, sólo se tendrá en cuenta el tiempo trabajado durante el Período de la Colectividad.

A sus semanas de trabajo se les **restará** el tiempo de licencia que se haya tomado (licencias por razones de familia o de salud), así como el tiempo *acumulado* (pero no tomado) de vacaciones o tiempo flexible, de acuerdo con la Guía de Recursos de los Asociados.

Nuestros registros indican que, durante el Período de la Colectividad, usted se tomó **«Leave»** días de licencia.

Nuestros registros indican que, durante el Período de la Colectividad, usted acumuló **«Vacation»** días de vacaciones y tiempo flexible.

Después de restar esos días, el total de semanas laborales que usted trabajó durante el Período de la Colectividad es de **«WorkWeeks»**.

Si cree usted que algún elemento de esta información es incorrecto, explique por qué en el cuadro de abajo e incluya la documentación que respalda su posición cuando devuelva este Formulario de Reclamación.

<div style="border:1px solid black; height:100px;"></div>

### C. SOMETIMIENTO A LA JURISDICCIÓN DEL TRIBUNAL Y ACUERDO CON EL

Con su firma en este formulario, reconoce usted estar de acuerdo con lo siguiente:

He recibido el Aviso del Arreglo Transaccional de la Acción Colectiva. Presento esta Prueba de Reclamación de conformidad con los términos del Arreglo Transaccional Propuesto que se describe en este Aviso. Me someto también a la jurisdicción del Tribunal de Distrito de los Estados Unidos con respecto de mi reclamación como miembro de la colectividad y a fin de hacer valer el descargo de reclamaciones contenido en el Arreglo Transaccional. Los términos cabales y precisos del arreglo que se ha propuesto están contenidos en el Convenio de Arreglo Transaccional que se le ha presentado al Tribunal. Reconozco además que estoy obligado por los términos de toda sentencia que el Tribunal registre en esta acción colectiva. Si se me solicitara que lo hiciera para respaldar mis reclamaciones, convengo en suministrarla.

### D. PREGUNTAS SOBRE ESTE FORMULARIO

Si tiene alguna pregunta acerca de este Formulario de Reclamación o de la manera de presentar debidamente su reclamación, comuníquese con:

> Quezada v. Schneider Claims Administrator
> RG/2 Claims Administration LLC
> P.O. Box 59479
> Philadelphia, PA 19102-9479
> tel: (215) 979-1620
> fax: (215) 979-1695

Si desea más información, acuda a www.schneidersettlement.com.

### E. DECLARACIÓN BAJO PENA DE PERJURIO

*Si no firma a continuación, no recibirá dinero por este arreglo transaccional.*

Declaro bajo pena de perjurio de acuerdo con las leyes de los Estados Unidos y del Estado de California que la información anterior, y toda otra información que he dado en relación con mi reclamación, es cierta y correcta.

Celebrado el _____ en _____, _____.
               Fecha                      Ciudad                        Estado


_____
Firma del Reclamante

Nombre (en letra de molde): _____

AQUÍ TERMINA EL FORMULARIO DE RECLAMACIÓN